## SCHMIDT v GENESEE COUNTY CLERK

Docket No. 68536. Submitted April 19, 1983, at Lansing.—Decided August 1, 1983.

Beverly J. Schmidt and others brought an action in the Genesee Circuit Court against the Genesee County Clerk for an order prohibiting the clerk from processing recall petitions filed with the clerk against plaintiffs. Vernell Ford and others were organizers of the recall drive and were permitted to intervene as defendants. The court, Ollie B. Bivens, Jr., J., determined that the petitions did not meet statutory requirements because, among other things, in many instances the date of signing was not done in the signer's own handwriting and because the reasons for the recall stated in the petitions were unclear. The court granted plaintiffs' request for an order. Intervening defendants appealed. *Held:*

1. On review for clarity, the reasons for a recall stated in a petition should be read as a whole. Insufficient clarity in spots will not doom a petition where, read as a whole, a sufficiently clear statement is presented. Any doubt should be resolved in favor of the individual formulating a recall petition where the clarity of the reasons stated in the petition is a close question. The reasons stated for the recall were sufficiently clear.

2. The statutory requirement that a signer of a recall petition personally add the date of his signature is not an unconstitutional infringement upon the right to recall public officials and is a valid, enforceable right. There were not a sufficient number of valid signatures to hold a recall election.

Affirmed.

1. Public Officers — Recall Petitions — Judicial Construction.

Any doubt should be resolved in favor of the individual formulating a recall petition where the clarity of the reasons stated in the petition is a close question.

References for Points in Headnotes

[1, 2] 63 Am Jur 2d, Public Officers and Employees § 245.

[3, 4] 63 Am Jur 2d, Public Officers and Employees § 247.

[5] 63 Am Jur 2d, Public Officers and Employees § 250.

2. PUBLIC OFFICERS — RECALL PETITIONS — REASONS FOR RECALL —
     APPEAL.

On review for clarity, the reasons for a recall stated in a petition
should be read as a whole; insufficient clarity in spots will not
doom a petition where, read as a whole, a sufficiently clear
statement is presented.

3. PUBLIC OFFICERS — RECALL PETITIONS — SIGN-AND-DATE REQUIRE-
     MENT.

The statutory requirement that a signer of a recall petition
personally add the date of his signature is not an unconstitu-
tional infringement upon the right to recall public officials and
is a valid, enforceable requirement (MCL 168.954; MSA 6.1954).

4. PUBLIC OFFICERS — RECALL PETITIONS — SIGN-AND-DATE REQUIRE-
     MENT.

The post office portion of the address of a signer of a recall
petition may be filled in by someone other than the signer
(MCL 168.954; MSA 6.1954).

5. PUBLIC OFFICERS — RECALL PETITIONS — CERTIFICATION REQUIRE-
     MENTS.

The requirement that recall petitions be certified by the circula-
tor of the petitions is not an unconstitutional infringement
upon the right to recall public officials and is a valid, enforce-
able requirement (MCL 168.957; MSA 6.1957).

*Samuel A. Ragnone,* for plaintiffs Beverly J.
Schmidt, Dennis K. Anderson, Michael R. Coburn,
and Randy Rice.

*Bruce A. Newman,* for plaintiff I. Ted Gallinat.

*Downs, Zagaroli & Downs, P.C.* (by *Tom Downs*
and *Michael A. Zagaroli),* for intervening defen-
dants-appellants.

Before: V. J. BRENNAN, P.J., and M. J. KELLY
and N. J. KAUFMAN,* JJ.

N. J. KAUFMAN, J. Intervening defendants, orga-
nizers of a recall petition drive, appeal by right

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

from an injunction ordering the Genesee County Clerk not to process the recall petitions they had filed pursuant to MCL 168.961; MSA 6.1961. Plaintiffs, officers of Flint Township, were granted the injunction sought in their complaints after an evidentiary hearing held in circuit court. The circuit judge determined that the recall petitions did not meet statutory requirements in several respects. Intervening defendants appeal by right.

Plaintiffs were elected as township officers on November 4, 1980. Intervening defendants filed recall petitions against them with the Genesee County Clerk on November 1, 1982. Before the clerk could act on the petitions, plaintiffs Schmidt, Anderson, Coburn, and Rice obtained *ex parte* injunctions forbidding him from proceeding. Defendant reviewed the petitions against plaintiff Gallinat and determined that they contained more than the minimum number of signatures required by the election code. He forwarded the Gallinat petitions to the Flint Township Clerk for her determination of the number of township voters.

Plaintiff Gallinat challenged the validity of all the signatures on the petitions filed against him in a letter received by the county clerk on November 12, 1982. The township clerk was notified the next day of the challenge. On November 29, 1982, the township clerk returned all of the Gallinat petitions to the county clerk with her certification of the number of signatures of registered township voters on each petition.

On November 30, 1982, plaintiff Gallinat and the county clerk met and reviewed challenges to the Gallinat petitions. Defendant accepted some of the challenges. Two days later, defendant reviewed all of the Gallinat petitions, determined that the number of valid signatures exceeded the minimum

number required by law, and certified the petitions as sufficient to require the setting of a recall election. A meeting of the election scheduling commission was set for December 3, 1982.

On December 2, 1982, plaintiff Gallinat filed suit and defendant was enjoined temporarily from taking further action on the Gallinat petitions. Plaintiff Gallinat's suit was consolidated with that of the other four plaintiffs, and intervenors, circulators of the petitions and their supporters, were allowed to join the county clerk as parties defendant. On December 14, 15, and 16, 1982, Judge Bivins conducted hearings to determine whether the clerk should be enjoined permanently from processing the petitions.

At the hearing, only the plaintiffs presented evidence. This evidence consisted primarily of the testimony of the circulators of the petitions that they had written the postal district (generally Flint) and date of signing on the petitions, rather than having the petitions' signers do so. Several circulators also testified that they had returned the petitions with only ditto marks in the post office and date columns to the organizers of the recall movement. They later saw the petitions with the post office and date of signing filled in. Other circulators testified that, although they had filled in the certificate of circulation on the back of the petition stating that they had personally obtained all of the signatures, other members of their families had in fact circulated the petitions.

In his opinion, the circuit judge found that "in nearly all the petitions the date of signing was placed on the petition by someone other than the signer" and that "in numerous instances" the circulator wrongly certified that all of the signatures to the petition were affixed in his or her

presence. The court ruled that these irregularities violated MCL 168.954; MSA 6.1954 and MCL 168.957; MSA 6.1957. He also ruled that the reasons for the recall stated on the petitions were unclear. The petitions therefore violated MCL 168.952; MSA 6.1952. He ruled that the petitions concerning each plaintiff were invalid.

Appellants first challenge the trial court's finding that the recall petitions in question did not contain a clear statement of the reasons for recall. Such a statement is required by MCL 168.952; MSA 6.1952. The petitions gave the following reasons for recalling plaintiffs:

"Ex-HIBITED SPEND AND TAX—TAX and SPEND mentality. At a time when governmental units are cutting back on budget expenditures and laying off people the above elected official presented the 1982 budget which was a increase of $400,000.00 over the 1981 budget (December 7, 1981). —INCREASED the budget again by another additional $185,516.00 on August 2, 1982, which can only result in future higher taxes. —Voted, at a special, not regular meeting, to INCREASE operational taxes by one mill without a vote of the people. —INCREASED sewer and water rates above the recommendation of the County. —Voted to spend $63,000.00 to RE-ASSESS ALL TOWNSHIP PROPERTIES. —Acted to violate the provisions of the Charter Township Act requiring the budget to be presented for public inspection before adoption. —Allowed Township Funds to be invested in UN-AUTHORIZED ACCOUNT and not available for public inspection. — Failed to follow campaign promise to given open, clean, honest, and efficient government, and at all times be available to serve and to administer the Township efficiently and remain within a budget."

Appellants argue that the trial court erred by finding that the reasons for recall stated in the

petitions were insufficiently clear to meet the statutory requirement.

The statutory requirement that a recall petition contain a clear statement of reasons for the recall was carefully analyzed in *Molitor v Miller,* 102 Mich App 344; 301 NW2d 532 (1980). That Court held that, where the clarity of the reasons stated in the petition is a close question, doubts should be resolved in favor of the proponents of the recall. *Molitor, supra,* p 351. We agree with the majority in that case that to require an overly detailed statement of charges would complicate the recall process and defeat the underlying purpose of the constitutional provision for recall, *i.e.,* to provide the people with a speedy, effective process to remove an unsatisfactory public official. See *Wallace v Tripp,* 358 Mich 668, 678; 101 NW2d 312 (1960). A commentator, approving the degree of judicial restraint shown by the majority in *Molitor, supra,* wrote:

"Overall, the decision is correct from the standpoint that quite often laymen are required to draft recall petitions. To require technical detail in the statement of charges would be too burdensome and could defeat the purpose of the recall statute. The Michigan constitution reserves the power of recall to the people. Courts should not, and generally do not, interfere with this basic right. To require meticulous and technically detailed statements of the charges in recall petitions would in effect thrust the courts into reviewing every recall petition, thereby usurping the power of the people." Berry, *Local Government Law,* 28 Wayne L Rev 979, 984 (1982).

In reviewing the reasons stated for the recall listed on the petition, we read the statement as a whole and do not focus our attention on the individual phrases, *i.e.,* insufficient clarity in spots will

not doom the petition where, read as a whole, a sufficiently clear statement is presented. See *Amberg v Welsh,* 325 Mich 285, 293-294; 38 NW2d 304 (1949).

We believe the statement in the petition that the officeholders sought to be recalled exhibited a "spend and tax mentality" must be considered as an introduction to specific allegations which also appear in the petition. While the statement is itself not clear, its import is quite clear when it is read with the other allegations. The allegations concerning budget increases, operational taxes, sewer and water rates, reassessment and violation of the Charter Township Act are all sufficiently clear to inform the officeholders of the reasons the recall has been sought. The statement that plaintiffs failed to follow campaign promises to give "open, clean, honest, and efficient government, and at all times be available to serve and to administer the Township efficiently and remain within a budget", while open to criticism for its omnibus nature, presents a very close question. In light of our finding that the reasons stated in the petition are sufficiently clear as a whole, we need not consider this question.

On appeal, intervening defendants challenge the constitutionality of the statute requiring a statement of reasons on a recall petition. They also claim that any judicial review of the statement of reasons on a recall petition is precluded by the terms of Const 1963, art 2, § 8. We decline to address either question because of our holding above.

We agree with the contention of the appellees that the trial judge's decision to invalidate the recall petitions was based primarily on his factual findings that certain procedural requirements

were not met. He found that, on nearly all of the petitions, the date that the petition was signed was not filled in by the person signing it. In the trial court, and on appeal, appellants claim that the relevant statute does not require that a person signing a petition personally add the date of signature. Alternately, appellants argue that a statute containing such a requirement unconstitutionally infringes upon the people's right to recall. Appellants' claim that Const 1963, art 2, § 8, governing recalls, is self-enacting, clearly merits no discussion.[1]

The statutory provision being challenged is MCL 168.954; MSA 6.1954, which states in part that "[e]ach signer of the petition shall affix his signature, address, and the date of signing". The language used by the Legislature clearly and unambiguously requires the signer of the petition to affix the date of signing personally.

Intervening defendants claim that the statutory requirement that a petition's signer personally add the date of his signature is an unconstitutional infringement upon the right to recall public officials. Analogizing to cases involving the right to vote, appellants claim that any infringement on the right to recall must be justified by a compelling state interest and must be narrowly drawn so that the infringement is not greater than that justified by the state's compelling interest. We agree with appellants that the right to recall public officials is an extremely important one which must be carefully guarded by the courts. At

[1] Const 1963, art 2, § 8 states in part:

"Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record * * *."

See 1976 OAG, No. 4964, p 403. See also *Wolverine Golf Club v Secretary of State,* 24 Mich App 711, 725-726; 180 NW2d 820 (1970), aff'd 384 Mich 461 (1971).

the same time, the analogy to fundamental rights guaranteed under the federal system is an inappropriate one. Appellants rely on a statement of the Colorado Supreme Court that the right to recall public officials is a fundamental one. See *Hazelwood v Saul,* 619 P2d 499, 500-501 (Colo, 1980). Appellants then attempt to graft the federal law of fundamental rights onto this statement. In its opinion, however, the Colorado court specifically outlined the consequences of its declaration that the right to recall is a fundamental one. It stated:

"Statutes governing the exercise of the power to recall are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed.

"To liberally construe the statutes governing the exercise of the power to recall is not to ignore entirely the requirements of those statutes." (Citations omitted.)

The court went on to uphold provisions in the Colorado statutes governing recall. The provisions are remarkably similar to those appellants challenge here. Like the Colorado court, we believe that statutes governing recall should be construed in favor of the right's exercise and that limitations on the right should be strictly construed. We reject the use of the fundamental rights model advanced by appellants.

Even if this Court decided that the right to recall public officials directly is a fundamental right, it would conclude that the statute in question does not infringe that right. It merely indicates the way in which the right is to be exercised. The requirement that a signer of a petition personally affix the date of signing on the petition neither prevents nor hinders efforts to recall a public

official. This requirement does not burden a recall effort by increasing the costs to its organizers. It is reasonable to require that this date be written by the signer. This requirement directly eliminates serious potential for fraud. Under MCL 168.961; MSA 6.1961, signatures on a petition which were obtained over 90 days before the petition is filed are invalid. The loose system of dating that occurred in this case (some circulators dated the signatures before circulating, some after) invites fraud. Absent this requirement, an accurate factual determination of the date of the signature might be impossible. We conclude that the provision is constitutionally permissible.

The trial judge also found that numerous signers of the petitions failed to personally list the post office portion of their addresses. He invalidated those signatures. We agree with appellants that the trial judge construed the term "address" too broadly here. If this part of the address is filled in by someone other than the signer, the signature complies with MCL 168.954; MSA 6.1954. Even if the signatures declared invalid due to the failure to list a post office are declared valid, the petitions still contain too few signatures to merit reversal of the trial court's injunction.

The trial court also found numerous failures to comply with MCL 168.957; MSA 6.1957. MCL 168.961; MSA 6.1961 forbids the filing official (in this case, the county clerk) from counting signatures on a petition sheet where the execution of the certificate of the circulator is not in compliance with this statutory provision. Our analysis of appellant's arguments on this issue is very similar to that we undertook in rejecting the claim that the requirement that the signer affix the date of signing is unconstitutional. These requirements

do not infringe upon the right to recall public officials. They set forth procedural requirements for that right to be exercised. We believe that the requirements do not hinder efforts to recall a public official except where there has been no effort to comply with them. Anyone who wishes to comply with the statute can do so without additional expense and without hindering the chances for a successful recall.

It is not clear to us how many petitions were invalidated due to improper certification by the petition's circulator. It is clear, however, that considering only those signatures which were invalidated due to the failure of the signer to affix a date of signing, the trial court's decision to prevent the county clerk from certifying the petitions must be upheld. The number of remaining valid signatures clearly does not meet statutory requirements.

Intervening defendants, in their appellate brief, have also asked this Court to declare the responsibilities of the filing officials for verifying signatures in the case of a recall. We decline this invitation. We do not believe the case fits within a court's jurisdiction to make a declaratory judgment. Absent a trial court ruling on the questions posed by intervening defendants, we would not exercise our discretion to decide such a case even if jurisdiction were present.

Affirmed. No costs, a public question.