MASTIN v OAKLAND COUNTY ELECTIONS COMMISSION

Docket No. 71356. Submitted September 9, 1983, at Detroit.—Decided
September 20, 1983.

Constance J. Mikulen filed a recall petition against Senator
Philip O. Mastin because he voted in favor of increasing the
state income tax. The Oakland County Elections Commission
found the petition to be of sufficient clarity to enable Senator
Mastin to identify the course of conduct upon which the recall
was based and authorized Mikulen to commence the circulation
process. Mastin filed suit against the commission, Mikulen and
others in Oakland Circuit Court challenging the decision of the
commission and the validity of the petition. The court, James S.
Thorburn, J., by summary judgment, affirmed the commission's
decision. Mastin appeals. *Held:*

1. A legislator's single vote on the floor of the Legislature or
in committee or any similar single, identifiable transaction may
be the basis for a recall petition.

2. It is not necessary that the recall petition set forth all
aspects of the challenged official's course of conduct in office
relating to the reason for recall set forth in the petition.
Plaintiff's argument that the recall petition in the present case
is defective because it fails to set forth other effects of the tax
increase bill in addition to the increase in the state income tax
is rejected.

3. The language of the recall petition is of sufficient clarity to
enable Senator Mastin and the electors of his senatorial district
to identify the transaction which is the basis of the recall
petition and to know the charges made in connection there-
with.

4. Plaintiff's argument that the recall drive aims to accom-
plish indirectly what cannot be accomplished directly, referring

REFERENCES FOR POINTS IN HEADNOTES

[1, 10] 26 Am Jur 2d, Elections §§ 200, 214.
  63 Am Jur 2d, Public Officers and Employees § 239.
[2] 63 Am Jur 2d, Public Officers and Employees § 238 *et seq.*
[3] 63 Am Jur 2d, Public Officers and Employees § 243.
[4, 6-9] 63 Am Jur 2d, Public Officers and Employees § 245.
[5, 7-9] 63 Am Jur 2d, Public Officers and Employees § 250.

to the constitutional prohibition against referenda relating to taxation and appropriation, is rejected.

5. The recall petition is legally sufficient to require the holding of a recall election if the signature requirements can be met by the proponents of the recall drive.

Affirmed.

1. PUBLIC OFFICERS — RECALL — PETITIONS — COURT OF APPEALS.

The Court of Appeals does not review the reasons set forth in a recall petition to make a determination as to whether the reasons constitute misfeasance, malfeasance, or nonfeasance in office or whether the statements are even truthful; the Court reviews a recall petition only to determine whether a sufficiently clear statement of reasons for recall is present.

2. PUBLIC OFFICERS — RECALL — SINGLE TRANSACTION.

A legislator's single vote on the floor of the Legislature or in committee or any similar single, identifiable transaction may be the basis for a recall petition.

3. PUBLIC OFFICERS — RECALL — BASIS FOR RECALL.

The recall of an elected official may be predicated on any identifiable acts by the official without respect to whether the act in question might be deemed misfeasance, malfeasance, or nonfeasance in office (Const 1963, art 2, § 8).

4. PUBLIC OFFICERS — RECALL PETITIONS — STATUTES.

A petition to recall a public officer must clearly state the reason or reasons for the recall demand; the reasons for a recall are stated with sufficient clarity where they enable the officer and electors to identify the transaction and know the charges made in connection therewith.

5. PUBLIC OFFICERS — RECALL — POLITICAL QUESTION.

The sufficiency of any statement of reasons or grounds procedurally required for the recall of a public officer is a political rather than a judicial question.

6. PUBLIC OFFICERS — RECALL — PETITIONS.

A recall election is an adversarial political process; the proponents have the opportunity to draft the recall petition, which appears on the ballot, while the officer whose recall is sought has the right to include a statement setting forth justification for his conduct in office; thus, it is not necessary that the recall petition set forth all aspects of the challenged official's course of conduct in office relating to the reason for recall set forth in the petition.

7. PUBLIC OFFICERS — RECALL — PETITIONS — CLARITY OF LANGUAGE — TRUTH.

The truth of matters asserted in a recall petition is not a consideration in determining the clarity of recall petition language.

8. PUBLIC OFFICERS — RECALL — PETITIONS — CLARITY OF LANGUAGE.

Doubts should be resolved in favor of the proponents of a recall where the clarity of the reasons stated in the petition is a close question.

9. PUBLIC OFFICERS — RECALL — PETITIONS — CLARITY OF LANGUAGE.

The statement of reasons upon which a recall petition is based must be read as a whole; insufficient clarity in spots will not doom the petition where, read as a whole, a sufficiently clear statement is presented.

10. PUBLIC OFFICERS — RECALL — CONSTITUTIONAL LAW.

The Michigan Constitution places no subject matter restrictions on the people's reserved right to recall their elected officials (Const 1963, art 2, § 8).

*Simon, Deitch, Siefman, Tucker & Friedman, P.C. (by Donald F. Tucker),* and *Downs, Zagaroli & Downs, P.C. (by Tom Downs),* for plaintiffs.

*Daniel G. Van Norman,* for defendants.

Before: V. J. BRENNAN, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. Plaintiff is the duly elected Senator representing Michigan's 8th Senatorial District. Defendant Mikulen is the proponent of a recall petition aimed at effectuating Senator Mastin's recall from office. The recall drive focuses on Senator Mastin's votes, in both a Senate committee and on the floor of the Senate, in favor of HB 4092, which was eventually enacted into law, thereby effectuating an increase in the state income tax.

The recall petition in the present case makes the following charges against Senator Mastin:

"1. Failure to faithfully represent the people of the 8th Senatorial District by voting on March 23, 1983, to report a tax increase bill (HB 4092) out of committee with a recommendation for passage.

"2. Failure to faithfully represent the people of the 8th Senatorial District by voting 'yes' on March 24, 1983, to a bill increasing the State income tax (HB 4092)."

Defendant Oakland County Elections Commission, in an open meeting in which proponents and opponents of the recall drive were present, represented by counsel, and permitted to state their respective positions, found the petitions to be of sufficient clarity to enable Senator Mastin to identify the course of conduct which is the basis for the recall, and thus authorized defendant Mikulen to commence the circulation process. MCL 168.952(3); MSA 6.1952(3), as amended by 1982 PA 456.

On appeal to the Oakland County Circuit Court pursuant to MCL 168.952(6); MSA 6.1952(6), the decision of the board of elections commissioners was affirmed by summary judgment. From that decision, plaintiff brings this appeal as of right, which has been submitted, after oral argument, on an expedited basis.

We note initially that the people's right to recall an elected official is contained in Const 1963, art 2, § 8:

"Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor in the electoral district of the officer sought to be recalled. The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question."

The convention comment is instructive:

"This is a revision of the recall provisions of Sec 8, Article III, of the present [1908] constitution strengthening it somewhat by stating that the reasons for a recall shall be a political question, so that courts cannot set aside a recall on the grounds that the reasons for it are in some way inadequate."

Thus, recall review by the courts should be very, very limited. The right to recall is the people's remedy for dissatisfaction with their elective representative's position or votes in any area, notably tax. This Court does not review the reason set forth in the recall petition to make a determination as to whether the reason constitutes misfeasance, malfeasance, or nonfeasance in office or whether the statements are even truthful. As stated by the Supreme Court in *Wallace v Tripp,* 358 Mich 668, 680; 101 NW2d 312 (1960):

"The general rule appears to be that absent specific constitutional or statutory requirements, the sufficiency of reasons in a recall petition is for the determination of the electorate rather than the courts. *State ex rel Topping v Houston, supra; Laam v McLaren,* 28 Cal App 632 (153 P 985); *Conn v City Council of Ricamond,* 17 Cal App 705 (121 P 714).

"See, also, 106 ALR 555, 564; 28 Am Jur, Initiative, Referendum and Recall, § 51 *et seq.*

"Michigan's Constitution and statute require a clear statement of reasons for recall based upon an act or acts in the course of conduct in office of the officer whose recall is sought. Beyond this, the Constitution reserves the power of recall to the people.

"The basic power is held by the people in both our nation and our State. Our State Constitution as presently drawn places much confidence in the proper functioning of an intelligent and informed electorate. The recall provision is illustrative of that confidence.

We feel bound to uphold its provisions against the
aberration contained in the *Newberg Case [Newberg v
Donnelly,* 235 Mich 531; 209 NW 572 (1926)] and subse-
quently followed in the cases cited."

Thus, this Court only reviews the recall petition to
determine whether a sufficiently clear statement is
present.

Plaintiff's brief sets forth 11 separate issues,
several of which are rhetorical and others of which
were not presented to the circuit court and there-
fore need not be separately considered on appeal.
We deem this case to present four basic issues:

I. May a state legislator be recalled based on a
position taken or a vote cast in the course of
fulfilling his legislative duties?

II. Where a legislator's vote on a single bill is
the subject of a recall petition, and where only one
section of the bill is of concern to the recalling
forces, must the recall petition set forth the other
consequences of the bill, thereby placing the legis-
lator's vote in proper perspective?

III. Does the wording of the particular petitions
presented in the case at bar meet the clarity
standards of 1982 PA 456?

IV. Does a recall petition which challenges a
legislator's affirmative vote on a tax bill which
thereafter is enacted into law violate the prohibi-
tion of Const 1963, art 2, § 9 against referenda
relating to budgetary appropriations or enhance-
ments of the state's revenues?

In answer to the first of the four questions, we
hold, in accordance with established precedent,
that a legislator's single vote on the floor of the
Legislature, or in committee, or any similar single,
identifiable transaction, may be the basis for a
recall petition. By specifically making the substan-
tive grounds for recall a political rather than a

justiciable question, Const 1963, art 2, § 8, the framers of the constitution embraced the philosophy favoring recalls predicated on any identifiable acts by an elected official, without respect to whether the act in question might be deemed misfeasance, malfeasance, or nonfeasance in office. This standard had only recently been clarified by the Supreme Court in *Wallace v Tripp, supra,* overruling *Newberg v Donnelly,* 235 Mich 531, 534-535; 209 NW 572 (1926), and its progeny, *People ex rel Elliot v O'Hara,* 246 Mich 312, 314-315; 224 NW 384 (1929); *Amberg v Welsh,* 325 Mich 285; 38 NW2d 304 (1949), and *Eaton v Baker,* 334 Mich 521; 55 NW2d 77 (1952), at the time of the 1963 Constitutional Convention.

This Court has previously recognized that Const 1963, art 2, § 8 constitutes adoption of the *Wallace* holding. *Noel v Oakland County Clerk,* 92 Mich App 181, 186; 284 NW2d 761 (1979).

In *Noel, supra,* p 187, this Court further held:

"Thus, it appears from the foregoing cases that the reasons set forth in a recall petition need no longer constitute allegations of nonfeasance, misfeasance, or malfeasance in office, but that the specificity requirements enunciated in *Newberg* and its progeny remain extant. Indeed, in holding that the sufficiency of the reasons in a recall petition is an electoral rather than a justiciable question, *Wallace, supra,* 678, 680, reaffirmed the necessity that the reasons, whatever they may be, must be stated with adequate clarity."

A single transaction provides an adequate basis for a recall drive. All that is required is that the reason for recall be stated with sufficient clarity "to enable the officer and electors to identify the transaction and know the charges made in connection therewith." *Woods v Clerk of Saginaw*

*County,* 80 Mich App 596, 598-599; 264 NW2d 74 (1978), quoting from *People ex rel Elliot v O'Hara, supra.*

The recall petitions in the case at bar charge Senator Mastin with voting to report a bill which increased the state income tax out of committee and with voting to enact the bill into law. The bill, in accordance with accepted convention, is identified by number; it is also identified by substance, in that it increased the state income tax. The acts in question, Senator Mastin's votes, occurred after he was elected to office and while he was holding the office to which elected and with respect to which recall is sought. Accordingly, it must be concluded that the reasons set forth in the recall petition, if otherwise clear as stated, and any issues as to the merits of the charge and whether the charge warrants a decision to recall Senator Mastin, are matters exclusively confided by the constitution to the electorate of the 8th Senatorial District. So long as a petition sets forth any act or acts in the course of conduct in office of the officer whose recall is sought, the petition may form the basis for a recall election, and the question of whether the transaction thus identified is sufficient basis for a recall is a political question confided exclusively by our constitution to the electorate.

We further find, in answering the second question previously set forth, that it is not necessary, as plaintiff contends, that the recall petition set forth all aspects of the challenged official's course of conduct in office relating to the reason for recall set forth in the petition. In the present case, Senator Mastin asserts that the bill to increase state income taxes was, in light of the economic facts of life that faced the Legislature, the only way to maintain minimal standards of police and

fire protection, to preserve the state's educational system, and to continue providing essential state services and thus was mandated by his constitutional oath of office, Const 1963, art 11, § 1. Senator Mastin objects that none of these positive attributes of his vote to increase the state income tax is set forth in the recall petition, and thus he contends that the petition is misleading and violates the "purity of elections" concept of Const 1963, art 2, § 4. Senator Mastin relies upon *Sessa v State Treasurer,* 117 Mich App 46; 323 NW2d 586 (1982).

However, *Sessa* dealt with a referendum. A referendum is a nonadversarial legislative process. The sole summary of the proposal which is the subject of a referendum or initiative which appears on the ballot is one prepared by a nonpartisan agency, the Board of State Canvassers, and in recognition of the purity of elections principle, such summary must "consist of a true and impartial statement of the purpose of the amendment or question in such language as shall create no prejudice for or against such proposal". MCL 168.474; MSA 6.1474. See also MCL 168.485; MSA 6.1485.

By way of contrast, a recall election takes the form of an adversarial political process. The proponents of the recall are opposed by the subject of the recall. The proponents have the opportunity to draft the recall petition, which appears on the ballot, while the officer whose recall is sought has the right to include a statement setting forth justification for his conduct in office. MCL 168.966; MSA 6.1966. Given this opportunity, there is no reason to require the proponents of the recall, whose biases might complicate such a task, to attempt to offer a full and fair and complete statement of the transaction in question. As with

the adversary system in judicial proceedings, it is anticipated that the right of each side to concisely state its case on the ballot will permit the political truth to be ferreted out in the end.

Indeed, an analysis of HB 5381, which became 1982 PA 456, prepared by the House Legislative Analysis Section, recognized that even truth itself is not a consideration in determining the clarity of recall petition language:

"This bill, for example, would not prevent people from circulating petitions bearing outright lies about the conduct of public officials; it would merely ensure that the lies were clearly stated."

We, therefore, reject plaintiff's argument that the recall petition in the present case is defective because it fails to set forth other effects of HB 4092 in addition to the increase in the state income tax.

In addressing the third question previously set forth, we note that recently in *Schmidt v Genesee County Clerk,* 127 Mich App 694; 339 NW2d 526 (1983), also a case concerning a recall petition drive, this Court stated the following regarding the clarity of reasons set forth in a recall petition and this Court's review of the petition in determining whether the petition is clear:

"The statutory requirement that a recall petition contain a clear statement of reasons for the recall was carefully analyzed in *Molitor v Miller,* 102 Mich App 344; 301 NW2d 532 (1980). That Court held that, where the clarity of the reasons stated in the petition is a close question, doubts should be resolved in favor of the proponents of the recall. *Molitor, supra,* p 351. We agree with the majority in that case that to require an overly detailed statement of charges would complicate the recall process and defeat the underlying purpose of

the constitutional provision for recall, *i.e.,* to provide the people with a speedy, effective process to remove an unsatisfactory public official. See *Wallace v Tripp,* 358 Mich 668, 678; 101 NW2d 312 (1960). A commentator, approving the degree of judicial restraint shown by the majority in *Molitor, supra,* wrote:

" 'Overall, the decision is correct from the standpoint that quite often laymen are required to draft recall petitions. To require technical detail in the statement of charges would be too burdensome and could defeat the purpose of the recall statute. The Michigan constitution reserves the power of recall to the people. Courts should not, and generally do not, interfere with this basic right. To require meticulous and technically detailed statements of the charges in recall petitions would in effect thrust the courts into reviewing every recall petition, thereby usurping the power of the people.' Berry, *Local Government Law,* 28 Wayne L Rev 982, 984 (1982).

"In reviewing the reasons stated for the recall listed on the petition, we read the statement as a whole and do not focus our attention on the individual phrases, *i.e.,* insufficient clarity in spots will not doom the petition where, read as a whole, a sufficiently clear statement is presented. See *Amberg v Welsh,* 325 Mich 285, 293-294; 38 NW2d 304 (1949).

"We believe the statement in the petition that the office holders sought to be recalled exhibited a 'spend and tax mentality' must be considered as an introduction to specific allegations which also appear in the petition. While the statement is itself not clear, its import is quite clear when it is read with the other allegations. The allegations concerning budget increases, operational taxes, sewer and water rates, reassessment and violation of the Charter Township Act are all sufficiently clear to inform the officeholders of the reasons the recall has been sought. The statement that plaintiffs failed to follow compaign promises to give 'open, clean, honest, and efficient government, and at all times be available to serve and to administer the Township efficiently and remain within a budget', while open to criticism for its omnibus nature, presents a very close question. In light of our finding that the reasons stated

in the petition are sufficiently clear as a whole, we need not consider this question."

Thus, it is clear that this Court's task is to read the entire petition and determine if that petition contains a sufficiently clear statement.

We find that the language of the recall petition in the present case is of sufficient clarity to enable Senator Mastin and the electors of the 8th Senatorial District to identify the transaction and know the charges made in connection therewith. *Woods v Clerk of Saginaw County, supra,* pp 598-599. To the extent that certain phraseology in the petition might, standing alone, be deemed nebulous or ambiguous, it must be recognized that the petitions must be construed as a whole, and even if one portion is of insufficient clarity, if another portion or the entire petition, in context, is of sufficient clarity the petition meets the requisite standard. *Molitor v Miller, supra.*

Finally, we reject plaintiff's argument that this recall drive aims to accomplish indirectly what cannot be accomplished directly, referring to the constitutional prohibition against referenda relating to taxation and appropriation. Const 1963, art 2, § 9. This argument fails on two grounds.

First, a successful recall effort will not repeal the tax increase. A recall therefore is not tantamount to a referendum and does not run afoul of the constitutional prohibitions on referenda dealing with tax and appropriations matters.

Second, the subject matter limitation on referenda found in Const 1963, art 2, § 9 is conspicuously absent from Const 1963, art 2, § 8. This indicates to us that the framers of the constitution intended to place no subject matter restrictions on the people's reserved right to recall their elected

officials. If there is any subject matter limitation to the right of recall, it is one that can be determined only after the electoral process is completed and the electorate has made its will known. *Wallace v Tripp, supra,* p 680.

Of course, we express no opinion whatsoever on the political merits of the present controversy; that is a nonjusticiable, political question, decision of which is reserved for the people. Const 1963, art 2, § 8.

We hold only that the recall petition is legally sufficient to require the holding of a recall election if the signature requirements can be met by the proponents of the recall drive.

Affirmed.