*In re* WAYNE COUNTY BOARD OF ELECTION COMMISSIONERS

Docket No. 74063. Submitted February 16, 1984, at Detroit.—Decided April 12, 1984.

Petitions seeking the recalls of Senators William Faust, John Kelly and Patrick H. McCollough and Representative Justine Barns were filed with the Wayne County Board of Election Commissioners. The board determined that the reasons for recall stated in the petitions were of sufficient clarity to enable the electors to identify the course of conduct which was the basis for the recalls. Each of the legislators involved filed an appeal with the Wayne Circuit Court. The appeals were consolidated. The court upheld the determination of the board and entered an order dismissing the legislators' appeals, Maureen Pulte Reilly, J. The legislators appeal. *Held:*

Recall review by the courts is very limited. The Court of Appeals reviews recall petitions to determine only whether a sufficiently clear statement of the reasons for recall is present. The petitions at issue in this case meet the requirements of clarity.

Affirmed.

1. PUBLIC OFFICERS — RECALL — PETITIONS — COURT OF APPEALS.

The Court of Appeals reviews a recall petition only to determine whether a sufficiently clear statement of reasons for recall is present.

2. PUBLIC OFFICERS — RECALL — PETITIONS — CLARITY OF LANGUAGE.

Doubts should be resolved in favor of the proponents of a recall where the clarity of the reasons stated in the petition is a close question.

*Coticchio, Zotter & Sullivan, P.C.* (by *Gary W. Parker),* for the proponents of the recalls of Sena-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Elections §§ 200, 359.
   63A Am Jur 2d, Public Officers and Employees § 197 *et seq.*

tors Faust, Kelly and McCollough and Representative Barns.

*Downs, Zagaroli & Downs, P.C.* (by *Tom Downs, Michael A. Zagaroli,* and *Timothy Downs),* for Michigan Democratic Party and Senators William Faust, John F. Kelly, Patrick H. McCollough and Representative Justine Barns.

Before: ALLEN, P.J., and T. M. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. We wish to thank the attorneys for appellants and appellees who filed excellent briefs and made very good oral arguments. Appellants' brief has attached a copy of *Mastin v Oakland County Elections Comm,* 128 Mich App 789; 341 NW2d 797 (1983). Appellees' brief has attached to it the record of the proceedings before the Honorable Maureen Pulte Reilly as well as her opinion delivered from the bench on September 23, 1983. The briefs also have attached thereto copies of art 2, § 4 and art 2, § 8 of the 1963 Constitution, the right to recall and purity of elections provisions.

The Wayne County Board of Election Commissioners, under color of 1982 PA 456, made determinations that petitions to recall Senator William Faust, Senator John F. Kelly, Senator Patrick H. McCollough, and Representative Justine Barns met the requirements of 1982 PA 456, including the requirment that the "reasons for recall stated in the petition are * * * of sufficient clarity to enable * * * the electors to identify the course of conduct which is the basis for the recall". MCL 168.952(3); MSA 6.1952(3). Challenges to all four determinations were consolidated before Judge

---

* Retired Court of Appeals Judge sitting on the Court of appeals by assignment.

Reilly. After a hearing held on September 23, 1983, Judge Reilly upheld the determinations issued by the Wayne County Board of Election Commissioners, largely relying on *Mastin, supra.* Appellants appeal as of right from Judge Reilly's decision.

Appellants sought to appeal the circuit court's decision directly to the Supreme Court pursuant to GCR 1963, 852, but the Supreme Court denied their application for leave to appeal prior to decision by the Court of Appeals on October 26, 1983.

Appellants first argue that the standard of review of determination by a county board of election commissioners has yet to be decided by this Court. In their second argument, appellants state that none of the four recall petitions "meets the standards of clarity of readability for petition signers". Appellants suggest that *Mastin* did not answer either of these questions.

We disagree. We have carefully read *Mastin, supra,* and find that it not only addresses both of these arguments but that its answers apply to the instant case as well. Relying on the people's right to recall an elected official contained in Const 1963, art 2, § 8, the *Mastin* Court emphasized that "recall review by the courts should be very, very limited. * * * [T]his Court only reviews the recall petition to determine whether a sufficiently clear statement is present." *Mastin, supra,* pp 793-794. The *Mastin* Court determined that the petition to recall Senator Mastin, which was similar to the petitions at issue in this case, met that standard. The Court also quoted from our opinion in *Schmidt v Genesee County Clerk,* 127 Mich App 694, 699; 339 NW2d 526 (1983):

"The statutory requirement that a recall petition

contain a clear statement of reasons for the recall was carefully analyzed in *Molitor v Miller,* 102 Mich App 344; 301 NW2d 532 (1980). That Court held that, where the clarity of the reasons stated in the petition is a close question, doubts should be resolved in favor of the proponents of the recall. *Molitor, supra,* p 351. We agree with the majority in that case that to require an overly detailed statement of charges would complicate the recall process and defeat the underlying purpose of the constitutional provision for recall, *i.e.,* to provide the people with a speedy, effective process to remove an unsatisfactory public official. See *Wallace v Tripp,* 358 Mich 668, 678; 101 NW2d 312 (1960)."

Appellants acknowledge that the effect of 1982 PA 456, MCL 168.952; MSA 6.1952, is to give the boards of election commissioners the responsibility of reviewing petitions for clarity prior to the gathering of signatures. Appellants argue that since, because of the statute, this review now occurs before instead of after the circulation of petitions, the clarity standard should be higher. Either as an element of this higher standard or in addition to it —it is unclear which—appellants argue that petitions should be subject to a separate test of "readability". They introduced an expert witness, one M. Sheila Faunce, who testified before defendant board that, on a scale of 0 to 100 where 0 represents the most difficult to understand, the readability scores of two of the petitions were $-2$. This testimony failed to impress either defendant board or Judge Reilly. Both approved the petitions for clarity. Appellants urge us to declare the recall petitions "void because all four violate the statutory and case law requirement of readability (clarity)". Since there is no statutory provision or case law requiring "readability", it is apparent that appellants treat readability and clarity as the same thing, and we do likewise.

We have examined the recall petitions. The petitions seeking the recall of Senator Faust, Senator Kelly, and Representative Barns all begin the same way:

"On March 24, 1983, [s]he voted for HB 4092 which provides for an increase in the state income tax by 1.75 percentage points, giving a maximum rate of 6.35% during 1983 * * *."

The petition against Senator McCollough reads:

"He voted for passage of Michigan House Bill No. 4092, on March 24, 1983, increasing the Michigan state income tax rate from 4.6% to 6.35% for the year of 1983 * * *."

Had the sponsors of the recalls stopped there, the petitions would be very clear. However, they added in condensed form the meaning of 1983 PA 15 in order that the signers of the petition might be able to understand the various adjustments to the income tax rate imposed by the statute as finally passed by the House and Senate and signed by the Governor. This very complicated statute amended MCL 206.51, 206.301, 206.351, 206.481, and 206.496; MSA 7.557(151), 7.557(1301), 7.557(1351), 7.557(1481), and 7.557(1496).

Cetainly it is no one's fault that the bill which became the statute is complicated. However, the condensed version in the recall petitions is much more "readable" or "clearer" than the act itself. We note that defendant board rejected several prior petitions which had simply stated, *e.g.,* "he voted to increase the state income tax", probably because of this Court's opinion in *Sessa v State Treasurer,* 117 Mich App 46; 323 NW2d 586 (1982).

We think *Mastin, supra,* covers the other points

raised by appellants as well, with the exception of their query as to whether even recall petitions containing lies could be distributed if enough people signed them. Because appellants do not claim that there were any lies in the petitions at issue, we refuse to answer that question at this time.

Appellants have asked us not only to declare the recall petitions void, but also to make declaratory rulings on certain other issues they raise. However, this is an appeal as of right from Judge Reilly's decision in this case, not a case for declaration of rights. We have already stated that both parties filed good briefs and from them we have a thorough history of recalls in Michigan as well as other states. Appellants in their brief talk "good common sense" but not necessarily the law. We refuse to answer their request for declaration of rights because each case for recall depends on the law in that matter.

Based on this Court's opinion in *Mastin, supra,* which we approve, we uphold the trial court's ruling. No costs, a public question being involved.

Affirmed.