*In re* WAYNE COUNTY ELECTION COMMISSION

Docket No. 84512. Submitted December 3, 1985, at Detroit.—Decided
    April 7, 1986. Leave to appeal denied, 425 Mich —.

Petitioners, Brenda M. Brown and Mary Bayles, sponsored a
    petition seeking to recall respondent, Highland Park Mayor
    Robert B. Blackwell. The petition was filed with the Wayne
    County Election Commission. Following a hearing to determine
    whether the reasons for recall, as stated in the petition, were of
    sufficient clarity to enable respondent and the electors to
    identify the course of conduct that was the basis of the recall
    effort, the commission approved the clarity of the reasons
    stated in the petition. Respondent appealed from that determi-
    nation to the Wayne Circuit Court. Respondent initially main-
    tained that the commission erred in determining that the
    petition's language was of sufficient clarity and sought an
    injunction prohibiting the petitioners from circulating the peti-
    tion. Petitioners then brought a motion for summary judgment
    seeking to have the commission's determination affirmed. Re-
    spondent then filed a motion for an injunction to restrain the
    petitioners from holding a special recall election. Respondent
    argued that MCL 168.952, which authorizes the commission to
    review the recall petition for clarity of the statement of reasons
    contained therein, and other portions of the recall statute were
    unconstitutional and that the unconstitutional portions were
    not severable from the rest of the recall statute and, conse-
    quently, that the entire recall statute, MCL 168.951 *et seq.*, was
    void. The circuit court, William J. Giovan, J., found that the
    review provision, MCL 168.952, was unconstitutional under
    Const 1963, art 2, § 8. The court also found that § 952 was
    severable from the remainder of the act. The court therefore
    denied injunctive relief and entered an order dismissing the
    case on April 15, 1985. Respondent appealed from that decision

REFERENCES

Am Jur 2d, Appeal and Error §§ 760 *et seq.*
Am Jur 2d, Constitutional Law §§ 311 *et seq.*
Am Jur 2d, Public Officers and Employees §§ 170 *et seq.*
Am Jur 2d, Statutes §§ 142 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Elections;
    Public Officers and Employees.

to the Court of Appeals on April 24, 1985. On April 29, 1985, the special recall election was held and the respondent was not recalled. *Held:*

1. The Court of Appeals chose to entertain this appeal which is technically moot because of its issues of public significance which are likely to recur in the future and yet evade judicial review.

2. The circuit court erred in finding § 952 unconstitutional under Const 1963, art 2, § 8. Although that constitutional provision was intended to preclude judicial or administrative review of the substantive merit of the reasons alleged in a recall petition, it was also intended to preserve the statutory requirement that a recall petition must clearly state what those reasons are. The statutory requirement that those reasons be clearly stated does not contravene the intent of Const 1963, art 2, § 8 to secure the people's right to recall an elected official for whatever reason they deem appropriate, whether the reason or reasons for the recall are rational or irrational.

3. Administrative and judicial review of a recall petition for clarity of statement of reasons does not frustrate the underlying purpose of the constitutional provision for recall, which is to provide the electorate with a speedy, effective process to remove an unsatisfactory public official.

4. MCL 168.961 and 168.963, which make reference to the sufficiency of clarity requirement in § 952, are constitutional for the same reasons that support the constitutionality of § 952.

5. The circuit court's holding that § 952 is unconstitutional is reversed. The denial of injunctive relief and the dismissal of respondent's action is affirmed.

Reversed in part and affirmed in part.

1. APPEAL — MOOT ISSUES.

    Courts generally will not entertain moot issues or decide moot cases; an issue is moot when circumstances render it impossible for the reviewing court to grant any relief; the Court of Appeals will entertain cases that are technically moot if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review.

2. STATUTES — JUDICIAL CONSTRUCTION — PRESUMPTION OF CONSTITUTIONALITY.

    Statutes are presumed to be constitutional; such presumption of constitutionality may even justify a construction of the statute that is rather against a natural interpretation of the language used, if necessary to sustain the enactment.

3. CONSTITUTIONAL LAW — ELECTED OFFICIALS — RECALLS.

The framers of Const 1963, art 2, § 8, in enacting that section, embraced the philosophy favoring recalls predicated on any identifiable acts by an elected official, without respect to whether the act or acts in question constituted sufficient justification for having a recall election; that section was intended to preclude judicial or administrative review of the substantive merit of the reasons alleged in the recall petition and was also intended to preserve the statutory requirement that a recall petition must clearly state what those reasons are (Const 1963, art 2, § 8; MCL 168.952; MSA 6.1952).

4. CONSTITUTIONAL LAW — ELECTED OFFICIALS — RECALLS.

The proponents of Const 1963, art 2, § 8, in adopting that section, intended to secure the people's right to recall an elected official for whatever reason they deemed appropriate, whether the reason or reasons for the recall.are rational or irrational; the statutory requirement that those reasons be clearly stated does not contravene that intention (Const 1963, art 2, § 8; MCL 168.952; MSA 6.1952).

5. CONSTITUTIONAL LAW — PUBLIC OFFICIALS — RECALLS — PETITIONS FOR RECALL — APPEAL.

Administrative and judicial review of a recall petition for clarity of statement of reasons does not frustrate the underlying purpose of the constitutional provision for recall, which is to provide the electorate with a speedy, effective process to remove an unsatisfactory public official; such review of a recall petition is clearly limited to a determination of whether a sufficiently clear statement is present; doubt as to clarity should be resolved in favor of the proponents of the recall; the petition must be upheld if any one of several allegations contained therein is deemed to be sufficiently clear (Const 1963, art 2, § 8; MCL 168.952; MSA 6.1952).

6. CONSTITUTIONAL LAW — PUBLIC OFFICIALS — RECALLS — PETITIONS FOR RECALL.

The clarity of statement requirement contained in the statute regarding the recall of an elected official is not a significant obstacle to the exercise of the recall right as provided in the Michigan Constitution; such statutes are constitutional (Const 1963, art 2, § 8; MCL 168.952, 168.961, 168.963; MSA 6.1952, 6.1961, 6.1963).

*Robin H. Kyle,* for Robert B. Blackwell.

Before: MacKENZIE, P.J., and D. F. WALSH and
SHEPHERD, JJ.

SHEPHERD, J. The petitioners, Brenda M. Brown
and Mary Bayles, sponsored a petition to recall
respondent, Highland Park Mayor Robert B.
Blackwell. They filed the petition with the Wayne
County Election Commission on July 24, 1984. The
petition alleged the following reasons for the re-
call:

"1. He supported 4.4 mil tax increase proposal.
"2. Mayor has allowed his administration to provide
him with a 1984 Lincoln Continental.
"3. Under his supervision his administration sup-
ported a $100,000, 15 year loan at one percent (1%)
interest to a developer.
"4. He has failed to take effective steps to provide
adequate police and fire protection."

As required by MCL 168.952(3); MSA 6.1952(3),
the commission held a meeting to determine
whether the reasons for recall, as stated in the
petition, were of sufficient clarity to enable respon-
dent and the electors to identify the course of
conduct that was the basis of the recall effort.
After hearing arguments in favor of and against the
petition, the three-member commission unani-
mously approved the clarity of the reasons stated
in the petition.

Respondent appealed from the commission's de-
termination to the Wayne County Circuit Court,
pursuant to MCL 168.952(6); MSA 6.1952(6). Re-
spondent initially maintained that the commission
erred in determining that the language in the
petition was of sufficient clarity and sought an
injunction prohibiting the petitioners from circu-
lating the petition.

On January 7, 1985, petitioners brought a mo-

tion for summary judgment, pursuant to GCR 1963, 117.2(3), seeking to have the commission's determination affirmed. In the supplemental brief in support of their motion, petitioners maintained that the statement of reasons in their petition was statutorily sufficient and that judicial review of the sufficiency of the clarity of the statement of reasons in a recall petition, under § 952, was in contravention of Const 1963, art 2, § 8.

On March 1, 1985, respondent filed a motion for an injunction to restrain the petitioners from holding a special recall election that the commission had scheduled for April 29, 1985. A hearing was held on respondent's motion before Wayne County Circuit Court Judge William J. Giovan on March 15, 1985. Arguments at the hearing centered around the constitutionality of § 952, MCL 168.952; MSA 6.1952, which authorizes the commission to review the recall petition for clarity of the statement of reasons contained therein, and the severability of the provision from the remainder of the recall statutory scheme. Respondent's original posture before the circuit court was that the language in the recall petition was not clear as required by § 952. However, he changed his position in relation to the motion for injunctive relief, arguing that § 952 and other portions of the recall statute were unconstitutional, that the unconstitutional portions were not severable from the rest of the statute, and, consequently, that the entire recall statute, MCL 168.951 *et seq.;* MSA 6.1951 *et seq.,* was void. According to respondent, since the statute was void, the commission could not process any recall petitions.

The circuit court determined that the review provision was unconstitutional under Const 1963, art 2, § 8, but that it was severable from the remainder of the act. As a result, the court denied

respondent's request for injunctive relief and entered an order dismissing the case on April 15, 1985. Respondent filed this appeal from the circuit court order on April 24, 1985. The recall election was held on April 29, 1985, and respondent was not recalled as a result of that special election. We reverse the circuit court's holding that § 952 is unconstitutional and affirm the court's denial of injunctive relief and dismissal of respondent's action.

Respondent's position on appeal is that the circuit court correctly determined that judicial or administrative review of the clarity of the reasons for recall stated in a recall petition contravenes Const 1963, art 2, § 8. However, at this juncture respondent departs from the circuit court's holding and argues that the unconstitutional provisions of the Michigan Election Law are not severable and, therefore, the recall provisions, MCL 168.951 *et seq.;* MSA 6.1951 *et seq.,* are void. We note initially that the issues raised by respondent are moot, because the recall election has already taken place and respondent was not recalled. As a general rule, our courts will not entertain moot issues or decide moot cases. *East Grand Rapids School Dist v Kent County Tax Allocation Board,* 415 Mich 381, 390; 330 NW2d 7 (1982). An issue is moot where circumstances render it impossible for the reviewing court to grant any relief. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). However, this Court will entertain cases that are technically moot if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review. *Whitman v Mercy-Memorial Hospital,* 128 Mich App 155, 158; 339 NW2d 730 (1983); *Socialist Workers Party v Secretary of State,* 412 Mich 571, 582; 317 NW2d 1

(1982). The public significance of the issues raised on this appeal are self-evident. Furthermore, the constitutionality of the recall statutes is an issue capable of repetition in the future, and it is unlikely that a public official challenging the act's constitutionality will obtain appellate review before a recall election is held. Therefore, the fact that the recall election has already taken place does not preclude our review of this appeal. *Whitman, supra.*

Turning to the merits of respondent's argument, we note that his challenge to the constitutionality of the pertinent recall statutes is an issue of first impression in this Court. The people's right to recall an elected official is set forth in Const 1963, art 2, § 8, which provides:

"Sec. 8. Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor in the electoral district of the officer sought to be recalled. *The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question.*" (Emphasis added.)

Article 2, § 8 of the 1963 Constitution revised Const 1908, art 3, § 8 and added the language emphasized above.

The pertinent recall statute enacted pursuant to the above provision, MCL 168.952; MSA 6.1952, provides in pertinent part:

"Sec. 952. (1) The petitions for the recall of an officer shall be in the size and print types required by section 544c, shall be printed, *shall state clearly the reason or reasons for the recall* which reasons may be typewritten, shall contain a certificate of the circulator which

may be printed on the reverse side of the petition, and shall be in a form prescribed by the secretary of state.

\* \* \*

"(3) *The board of county election commissioners, not less than 10 days nor more than 20 days after submission to it of a petition for recall, shall meet and shall determine whether the reasons for recall stated in the petition are or are not of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct which is the basis for the recall.* Failure of the board of county election commissioners to comply with this subsection shall constitute a determination that the reasons for recall stated in the petitions are of sufficient clarity to enable the officer whose recall is being sought and the electors to identify the course of conduct which is the basis for the recall.

\* \* \*

"(5) Upon being notified of the reason or reasons for recall by the board of county election commissioners, *the officer whose recall is sought and the sponsors of the petition may appear at the meeting and present arguments on the clarity of the reason or reasons.* (Emphasis added.)[1]

The early decisions of the Michigan Supreme Court interpreting Const 1908, art 3, § 8, and § 952, construed these provisions to require a valid recall petition to state facts that would constitute nonfeasance, misfeasance, or malfeasance. See *Newberg v Donnelly,* 235 Mich 531; 209 NW 572 (1926); *People, ex rel Elliot v O'Hara,* 246 Mich 312; 224 NW 384 (1929); *Amberg v Welsh,* 325 Mich 285; 38 NW2d 304 (1949). However, the Court retreated from that position in *Wallace v Tripp,* 358 Mich 668; 101 NW2d 312 (1960), where it held that the sufficiency of reasons in a recall

---

[1] Prior to its amendments in 1976 and 1982, § 952 provided in pertinent part:

"Sec. 952. All petitions for the recall of an officer shall be in substantially the following form, shall be printed or typewritten and shall state clearly the reason or reasons for said demand."

petition is for the determination of the electorate rather than the courts. In so holding, the *Wallace* Court stated:

"The general rule appears to be that absent specific constitutional or statutory requirements, the sufficiency of reasons in a recall petition is for the determination of the electorate rather than the courts.

\*   \*   \*

"Michigan's Constitution and statute require a clear statement of reasons for recall based upon an act or acts in the course of conduct in office of the officer whose recall is sought. Beyond this, the Constitution reserves the power of recall to the people." *Id.,* p 680.

In enacting Const 1963, art 2, § 8, the framers of the constitution embraced the philosophy favoring recalls predicated on any identifiable acts by an elected official, without respect to whether the act or acts in question constituted sufficient justification for having a recall election. *Mastin v Oakland County Elections Comm,* 128 Mich App 789, 795; 341 NW2d 797 (1983). The convention comment to Const 1963, art 2, § 8 is instructive in that regard:

"This is a revision of the recall provisions of Sec 8, Article III, of the present [1980] constitution strengthening it somewhat by stating that the reasons for a recall shall be a political question, so that courts cannot set aside a recall on the grounds that the reasons for it are in some way inadequate."

This Court, in *Noel v Oakland County Clerk,* 92 Mich App 181, 186; 284 NW2d 761 (1979), recognized that Const 1963, art 2, § 8 constitutes an adoption of the *Wallace, supra,* holding. In *Noel,* p 187, this Court stated:

"Thus, it appears from the foregoing cases that the

reasons set forth in a recall petition need no longer constitute allegations of nonfeasance, misfeasance, or malfeasance in office, *but that the specificity requirements enunciated in* Newberg *and its progeny remain extant. Indeed, in holding that the sufficiency of the reasons in a recall petition is an electoral rather than a justiciable question,* Wallace, supra, *at 678, 680, reaffirmed the necessity that the reasons, whatever they may be, must be stated with adequate clarity."* (Emphasis added.)

In the instant case, respondent argues that the clarity requirement of § 952 of the recall statute violates Const 1963, art 2, § 8 because, according to respondent, it allows for judicial review of the substantive merit of the reasons stated for the recall. The trial court agreed with respondent's position in finding § 952 unconstitutional. In ruling on that issue, the court indicated that the language of § 952 was contrary to what the framers of Const 1963, art 2, § 8 intended, which was to allow the people to recall an elected official in an expeditious manner, unfettered by any judicial review whatsoever. The circuit court also noted that the language of Const 1963, art 2, § 8 does not distinguish between sufficiency for clarity and sufficiency for gravity of conduct. The court further stated that the language of Const 1963, art 2, § 8 leaves it up to the voters to decide whether the reasons stated in the recall petition are clear enough.

Although we do not lightly reject the circuit court's thoughtful decision, we conclude that it erred in finding § 952 unconstitutional under Const 1963, art 2, § 8. Statutes are presumed to be constitutional. *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980). The presumption of constitutionality may even justify a construction of the statute that is rather against a natural inter-

pretation of the language used, if necessary to sustain the enactment. *People v Bandy,* 35 Mich App 53, 57; 192 NW2d 115 (1971), *lv den* 386 Mich 753 (1971).

We conclude that although Const 1963, art 2, § 8 was intended to preclude judicial or administrative review of the substantive merit of the reasons alleged in a recall petition, it was also intended to preserve the statutory requirement that a recall petition must clearly state what those reasons are. There is a significant difference between reviewing a recall petition for clarity of statement and reviewing it for sufficiency of reason. In adopting Const 1963, art 2, § 8, the proponents intended to secure the people's right to recall an elected official for whatever reason they deemed appropriate, whether the reason or reasons for the recall are rational or irrational. However, a statutory requirement that those reasons be clearly stated does not contravene that intention. Such a requirement serves to put the public official whose recall is sought on notice of the nature of the conduct for which he is sought to be recalled and it is also consistent with a basic policy of informed decision-making in a democratic society.

Furthermore, contrary to the circuit court's position, administrative and judicial review of a recall petition for clarity of statement of reasons does not frustrate the underlying purpose of the constitutional provision for recall, which is to provide the electorate with a speedy, effective process to remove an unsatisfactory public official. See *Schmidt v Genesee County Clerk,* 127 Mich App 694, 699; 339 NW2d 526 (1983). Judicial and administrative review of a recall petition is clearly limited to a determination of whether a sufficiently clear statement is present. *In re Wayne County Board of Election Comm'rs,* 134 Mich App

158, 160; 350 NW2d 752 (1984). This Court has held that doubt as to clarity should be resolved in favor of the proponents of the recall. *Schmidt, supra.* Moreover, if any one of several allegations contained in the petition is deemed to be sufficiently clear, the petition must be upheld. *Molitor v Miller,* 102 Mich App 344, 349; 301 NW2d 532 (1980). The foregoing rules demonstrate that the standard of review for clarity of statement is very lenient. Thus, we do not perceive the clarity of statement requirement to be a significant obstacle to the exercise of the recall right. Accordingly, we conclude that the circuit court erred in ruling that § 952 is unconstitutional under Const 1963, art 2, § 8.

Respondent also challenges the constitutionality of MCL 168.961; MSA 6.1961 and MCL 168.963; MSA 6.1963, on the same ground that he challenged § 952. Sections 961 and 963 also make reference to the sufficiency of clarity requirement in § 952.[2] The circuit court found these provisions to be unconstitutional. No further analysis is necessary to determine their constitutionality. Suffice it to say that §§ 961 and 963 are constitutional for the same reasons that support the constitutionality of § 952.

Although the circuit court held that § 952 was unconstitutional, it nevertheless denied respondent's motion for an injunction and dismissed this complaint on the ground that the unconstitutional provision was severable from the remainder of the recall statutory scheme. Because of our resolution of the constitutional issue, we find it unnecessary to address the issue of whether the sections in

---

[2] Section 961 provides that the filing official will not count the signatures "where the reasons for recall are different than those determined by the board of county election commissioners to be of sufficient clarity". Section 963 provides that the filing official shall determine the "sufficiency" of the petition within 35 days of its filing.

question are severable. Accordingly, we reverse the circuit court's holding that § 952 is unconstitutional and affirm the denial of the injunctive relief and the dismissal of respondent's action.

Reversed in part and affirmed in part.