BONKOWSKI v MACOMB COUNTY ELECTION COMMISSION

Docket No. 115874. Submitted May 3, 1990, at Detroit. Decided August 23, 1990.

Jack and Patricia A. Pearson, proponents of a recall election against the mayor of the City of Warren, Ronald L. Bonkowski, and six Warren city councilmen, submitted their proposed petition for recall to the Macomb County Election Commission. The commission determined the petition to be of sufficient clarity and valid for circulation. The mayor and councilmen filed in the Macomb Circuit Court an appeal from the commission's ruling. The court, Kenneth N. Sanborn, J., reversed the commission's ruling, concluding that the petition lacked sufficient clarity and was invalid because it cited in part a course of conduct by plaintiffs which took place prior to their current terms of office. Defendants Pearson appealed.

The Court of Appeals *held:*

A recall election must involve the course of conduct of an official subsequent to his entering upon his elected term of office. A petition for a recall election therefore must be limited to conduct subsequent to the official's entry of his current term of office.

Affirmed.

ELECTIONS — RECALL ELECTIONS — PETITIONS FOR RECALL.

A recall election of an elected public official must involve the course of conduct by the official subsequent to his entering upon his elected term of office; a petition for a recall election therefore must be limited to conduct subsequent to the official's entry of his current term of office (MCL 168.952; MSA 6.1952).

*Miller, Canfield, Paddock & Stone* (by *Gerald E. Rosen, Richard A. Walawender* and *Thomas R. Cox*), and *Edward A. Servitto, Jr.,* for plaintiffs.

*George E. Brumbaugh, Jr.,* Assistant Corpora-

REFERENCES

Am Jur 2d, Public Officers and Employees §§ 190, 196-198.

See the Index to Annotations under Elections and Voting; Recall.

tion Counsel, for Macomb County Election Commission.

*Michael Saggau,* for defendants Pearson.

Before: McDONALD, P.J., and WAHLS and SULLIVAN, JJ.

PER CURIAM. Defendants Jack and Patricia Pearson appeal as of right from a February 16, 1989, circuit court order reversing the decision of defendant Macomb County Election Commission which found the recall petitions filed by defendants Pearson against plaintiffs valid for circulation. We affirm.

Plaintiffs, the mayor and six city council members of the City of Warren, were elected or reelected in November, 1987. In October, 1988, defendants Pearson filed recall petitions against plaintiffs. A hearing was held before the Macomb County Election Commission pursuant to MCL 168.952; MSA 6.1952, during which the commission unanimously voted the language of the petitions was clear. Thereafter plaintiffs appealed the commission's ruling to the circuit court, claiming the commission erred in approving the petitions where the petitions set forth a course of conduct taken in prior terms or prior to taking office, the petitions' allegations lacked sufficient clarity, and the petitions were false, deceptive and misleading. Following a hearing on the parties' cross motions for summary disposition, the circuit court reversed the commission's ruling and found the recall petitions invalid as they cited a course of conduct which took place prior to the elected terms.

Defendants now appeal, claiming the court erred in finding recall petitions may not refer to conduct occurring prior to the last general election. In the

alternative defendants claim that, even assuming the inclusion of prior conduct in the instant case was improper, the petitions also contained allegations of conduct occurring during the current terms of office and thus need not be found invalid. We disagree.

The people's right to recall an elected official is set forth in Const 1963, art 2, § 8, which provides:

> Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor in the electoral district of the officer sought to be recalled. *The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question.* [Emphasis added.]

Article 2, § 8 of the 1963 Constitution revised Const 1908, art 3, § 8 and added the language emphasized above.

Although the Constitution prevents judicial review of the sufficiency of the grounds asserted for recall, not all judicial review of a petition's validity is precluded. MCL 168.952; MSA 6.1952 specifically provides for review of a petition's clarity:

> (3) The board of county election comissioners, not less than 10 days nor more than 20 days after submission to it of a petition for recall, shall meet and shall determine whether the reasons for recall stated in the petition are or are not of sufficient clarity to enable the officer whose recall is sought and the electors to identify the course of conduct which is the basis for the recall. . . .
>
> * * *
>
> (6) The determination by the board of county election commissioners may be appealed by the

officer whose recall is sought or by the sponsors of the petition drive to the circuit court in the county.

See *In re Wayne Co Election Comm,* 150 Mich App 427, 437; 388 NW2d 707 (1986) (Section 952 does not violate Const 1963, art 2, § 8).

Additionally, in rejecting a requirement that a recall petition set forth reasons constituting misfeasance, malfeasance or nonfeasance, our Supreme Court noted in *Wallace v Tripp,* 358 Mich 668; 101 NW2d 312 (1960), that a recall must be based on conduct occurring while serving the current term of office. The Court stated a recall is not the equivalent of a new election. "A recall election must involve the course of conduct of an official *subsequent to his entering upon his elected term of office.* And the petitions for such an election must clearly state the reason from such a course of conduct which gives rise to the recall demand." (Emphasis added.) *Id.,* p 678. That the Legislature was aware of the *Wallace* decision, and thus the requirement that a recall be based on conduct subsequent to entry of the current term of office, cannot be questioned. The revision of the recall provisions in the 1963 Constitution was, in effect, an incorporation of the *Wallace* holding into the Constitution. 2 Official Record, Constitutional Convention 1961, pp 2263, 2264; *Noel v Oakland Co Clerk,* 92 Mich App 181; 284 NW2d 761 (1979). Moreover, the "current term" requirement has been acknowledged by panels of this Court. See *Mastin v Oakland Co Elections Comm,* 128 Mich App 789; 341 NW2d 797 (1983); *Moliter v Miller,* 102 Mich App 344; 301 NW2d 532 (1980). We therefore find no error in the circuit court's holding improper the inclusion in the petitions of conduct committed prior to the instant officials' current terms of office.

We reject the Pearsons' contention that the court erred in striking the petitions where not all alleged conduct contained therein occurred outside the current term of office. It is indeterminable whether all signatures would have been obtained absent the improper inclusion of the contested conduct.

Lastly, we decline to address plaintiffs' claim that the petitions lacked sufficient clarity since that issue was not decided by the trial court. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672; 423 NW2d 311 (1988).

Affirmed.