PEARSON v MACOMB COUNTY ELECTION COMMISSION

Docket No. 127284. Submitted October 14, 1992, at Detroit. Decided
April 5, 1993, at 10:15 A.M.

Jack Pearson petitioned the Macomb Circuit Court for review of a
decision by the Macomb County Election Commission to reject,
as unclear, proposed petitions to recall the mayor of the City of
Warren and several members of the Warren City Council. The
court, Michael D. Schwartz, J., upheld the decision, determin-
ing that the language of the petitions was conclusory and failed
to indicate the wrongs allegedly committed by the officials in
question. Pearson appealed.

The Court of Appeals *held:*

1. No wrongful conduct need be alleged in a recall petition.

2. The petitions in this case were sufficiently clear, plainly
stating the courses of conduct underlying the proposed recall.

Reversed.

ELECTIONS — RECALL PETITIONS — CLARITY.

A proposed petition for the recall of an elected official must
plainly state the course of conduct that serves as the basis for
the recall, but need not allege wrongful conduct by the official
(Const 1963, art 2, § 8; MCL 158.952; MSA 6.1952).

ACLU Fund of Michigan (by *Michael F. Saggau*),
for the petitioner.

*George E. Brumbaugh, Jr.,* Corporation Counsel,
for the respondent.

Before: SHEPHERD, P.J., and WEAVER and TAY-
LOR, JJ.

TAYLOR, J. Jack Pearson filed petitions seeking
the recall of several officials of the City of Warren,

REFERENCES

Am Jur 2d, Public Officers and Employees § 196.
See ALR Index under Public Officers and Employees; Recall.

including the mayor and various members of the city council, for the following reasons:

[Concerning the mayor:]
1. For recommending to council to create the position of administrative assistant in the office of mayor thereby increasing the number of personnel in the mayor's office.
2. For recommending to council the 1988/89 police and fire department budget resulting in the lay off of police officers and fire fighters.


[Concerning city council members:]
1. For voting to create the position of administrative assistant in the office of the mayor thereby increasing the number of personnel in the mayor's office.
2. For voting to adopt the 1988/89 police and fire department budgets resulting in the lay off of police officers and fire fighters.

Respondent election commission rejected the recall petitions on the ground that they were invalid because they were not sufficiently clear.[1] Petitioner petitioned the circuit court for review of respondent's decision, and the trial court upheld the decision of the commission on the ground that the recall language was conclusory and failed to identify the wrongs alleged to have been done by the officials in question.

Although the issues presented are now moot, we consider them because they present questions of public significance likely to recur and yet evade judicial review. *In re Hanson,* 188 Mich App 392, 395; 470 NW2d 669 (1991).

On appeal, petitioner correctly contends that no

[1] Respondent election commission's authority to review the language of recall petitions is set forth in MCL 168.952; MSA 6.1952.

wrongful conduct need be alleged in a recall petition. Const 1963, art 2, § 8; *Wallace v Tripp,* 358 Mich 668, 678; 101 NW2d 312 (1960).

Nor do the petitions fail through lack of clarity. The courses of conduct underlying the recall are plainly stated. Compare *Eaton v Baker,* 334 Mich 521, 524; 55 NW2d 77 (1952); *Wallace, supra* at 675; *In re Wayne Co Election Comm,* 150 Mich App 427, 430; 388 NW2d 707 (1986). Contrast *Noel v Oakland Co Clerk,* 92 Mich App 181, 183; 284 NW2d 761 (1979).

Although we reverse, we lack the authority to order a recall election based upon these now-stale petitions circulated before the 1991 elections. *Wallace, supra* at 677-678; *Bonkowski v Macomb Co Election Comm,* 185 Mich App 288, 291; 460 NW2d 308 (1990).

Reversed.