MEYERS v PATCHKOWSKI

Docket No. 179371. Submitted February 7, 1996, at Grand Rapids. Decided May 10, 1996, at 9:10 A.M.

Karen A. Meyers and other members of the Rogers City School Board brought an action in the Presque Isle Circuit Court against Cheryl Patchkowski, seeking to have declared invalid certain recall petitions submitted by Patchkowski that were reviewed and found sufficiently clear by the Presque Isle Board of County Election Commissioners. Patchkowski filed a counterclaim against the plaintiffs and a third-party action against Jean M. Cetus, another school board member. The court, John F. Kowalski, J., granted summary disposition for the plaintiffs, finding that although the wording of the petitions was sufficiently clear, the grounds on which they were based never legally occurred and, therefore, the petitions were invalid and defective. The court also granted summary disposition for the plaintiffs with regard to the allegation in Patchkowski's counterclaim that the plaintiffs had violated the Open Meetings Act. Patchkowski appealed.

The Court of Appeals *held*:

The trial court erred in finding the recall petitions invalid. However, the issue involving the validity of the recall petitions must be dismissed as moot. The trial court properly granted summary disposition for the plaintiffs with regard to the issue involving the Open Meetings Act.

1. The review of recall petitions is limited to a determination whether the petitions present a sufficiently clear statement. The truth or accuracy of statements in recall petitions is not a consideration in judging the clarity of a petition's language. The circuit court should have concluded its review upon finding that the petitions were clear. Although the circuit court erred, the Court of Appeals does not have the authority to order a recall election here because such an election must pertain to the conduct of an official that occurred after the official began the current term of office and the conduct referenced in the recall petitions in this case occurred before the plaintiffs' current terms of office began.

2. The trial court properly granted summary disposition for the plaintiffs with regard to the issue involving the alleged violation of

the Open Meetings Act because Patchkowski failed to include a necessary party to the action, the school board.

Dismissed in part and affirmed in part.

1. ELECTIONS — RECALL PETITIONS — REVIEW FOR CLARITY.

Boards of county election commissioners and circuit courts have the authority to review recall petitions for clarity; such review is limited to a determination whether the petitions present a sufficiently clear statement, and the standard for clarity is lenient; the truth is not a consideration in judging the clarity of a petition's language; the accuracy of the statements in the petitions is a political question for the voters, not one for the courts to decide (Const 1963, art 2, § 8; MCL 168.952[3], [7]; MSA 6.1952[3], [7]).

2. ELECTIONS — RECALL ELECTIONS.

A recall election must pertain to conduct of the official sought to be recalled that occurred after the official began the current term of office.

3. ACTIONS — OPEN MEETINGS ACT — PARTIES.

The Open Meetings Act permits injunctive relief where a public body does not comply with the act; the public body is the real party in interest in such an action and therefore is a necessary party (MCR 2.205[A]; MCL 15.271; MSA 4.1800[21]).

*Brian C. Draper, P.C.* (by *Brian C. Draper*), for Cheryl Patchkowski.

Before: CORRIGAN, P.J., and BANDSTRA and W. A. CRANE,* JJ.

CORRIGAN, P.J. In this appeal involving the validity of recall petitions filed in early 1994, defendant Cheryl Patchkowski appeals of right an order granting plaintiffs' motion for summary disposition under MCR 2.116(C)(7) and (10). Although the circuit court erred in finding the recall petitions invalid, we nonetheless are compelled to rule that the issue regarding the validity of the recall petitions must be dismissed as moot. We affirm the circuit court's grant of summary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disposition on the second issue involving the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.* We have published this opinion to urge our Supreme Court to amend MCR 7.213(C) to accord docket preference to appellate cases involving the conduct of elections.

In early 1994, defendant Patchkowski attempted to recall several members of the Rogers City School Board because they voted not to renew the school superintendent's contract. At a meeting on February 14, 1994, plaintiffs Karen Meyers, Keith Gordon, David Viegelahn, and Rose Schalk, school board members, voted not to renew the contract. Four days later, defendant Patchkowski filed recall petitions against plaintiffs because they voted not to renew the school superintendent's contract. On February 28, 1994, plaintiffs and third-party defendant Jean Cetus[1] voted to rescind the February 14 vote and expunge the motion and the vote from the minutes of the meeting.[2]

The board of county election commissioners later reviewed the recall petitions and found them sufficiently clear. Plaintiffs then filed a complaint regarding the commissioners' decision. One month later, plaintiffs moved for a declaratory judgment. Patchowski filed a counterclaim, alleging that plaintiffs vio-

---

[1] For ease of reference, "plaintiffs" will include Cetus.

[2] The February 28 minutes, however, did not reference the motion made on February 14 because the members had rescinded the motion. On March 14, 1994, a member moved to approve the February 28 minutes, but another member voiced concern regarding the unmentioned motion. At the next meeting, on March 28, the board corrected the February 14 minutes to reflect the motion and noted that the motion and vote were rescinded and expunged on February 28.

lated the Open Meetings Act and requesting injunctive relief.

The circuit court subsequently granted plaintiffs' motion for a declaratory judgment. After the court initially determined that the wording of the petitions was sufficiently clear, it decided that the petitions should not have referred to the February 14 meeting because plaintiffs rescinded and expunged the vote taken on that date. Thus, the court concluded that, because the grounds for the recall petitions never legally occurred, the recall petitions were invalid and defective. Patchkowski has appealed that ruling to this Court.

Patchkowski also moved for summary disposition on her counterclaim, arguing that plaintiffs did not have the power to expunge the record. Plaintiffs later moved for summary disposition under MCR 2.116(C)(7) and (10), asserting that no genuine issue of material fact existed and that the vote was properly expunged. The circuit court granted plaintiffs' motion. The court determined that Patchkowski's complaint was improper because she had failed to join the school board as a party, and only the school board, not its individual members, was subject to an action seeking injunctive relief under the Open Meetings Act.

Patchkowski first argues that the circuit court exceeded its legally mandated scope of review in concluding that the petitions were invalid, although the court had previously determined that the petitions were sufficiently clear. We review de novo issues of law. *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995).

The recall petitions against plaintiffs contained the following language:

> Through [his or her] duties as an elected member of the Rogers City Area Schools school board, [name of the board member] has failed to represent the best interests and the true will of the majority of the electorate of the Rogers City Area Schools school district for the following reason: On February 14, 1994, [name of the school board member] voted to not renew or extend the employment contract of Rogers City Area Schools Superintendent, Roger Benner.

Michigan statutes grant the board of county election commissioners and circuit courts the authority to review recall petitions for clarity. MCL 168.952(3), (7); MSA 6.1952(3), (7), *Sharp v Genesee Co Election Comm*, 145 Mich App 200, 204; 377 NW2d 389 (1985). When considering a petition's clarity, a court must review the petition as a whole. *Mastin v Oakland Co Elections Comm*, 128 Mich App 789, 799; 341 NW2d 797 (1983).

Both the board of county election commissioners and the circuit court determined that the recall petitions were sufficiently clear. This Court previously has held that review of recall petitions is limited to a determination whether the petitions present a sufficiently clear statement. *In re Wayne Co Election Comm*, 150 Mich App 427, 438; 388 NW2d 707 (1986). The standard for clarity is lenient. *Id.* After determining that the petitions in this case were clear, the circuit court found that the petitions were invalid because they did not reference an event that legally occurred. This Court in *Mastin, supra*, noted that truth is not a consideration in judging the clarity of a petition's language. The Court in *Mastin, supra* at

798, quoted the House Legislative Analysis Section:[3] " 'This bill [regarding the clarity of recall petitions], for example, would not prevent people from circulating petitions bearing outright lies about the conduct of public officials; it would merely ensure that the lies were clearly stated.' "

The accuracy of statements in recall petitions is not for the courts to decide, as provided in our state's constitution:

> Laws shall be enacted to provide for the recall of all elective officers except judges of courts of record upon petition of electors equal in number to 25 percent of the number of persons voting in the last preceding election for the office of governor in the electoral district of the officer sought to be recalled. *The sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question.* [Const 1963, art 2, § 8 (emphasis added).]

The lenient standard for clarity, coupled with the cited constitutional provision, leads ineluctably to the conclusion that the circuit court exceeded its authority in invalidating the petitions. Once the court decided that the recall petitions were clear, it should have concluded its review. The court did not have authority to review the statements in the petitions for truth or falsity. Such a determination is a political question for the voters, not the courts.

The recall petitions at issue are now over two years old. Thus, although the circuit court erred, we lack the authority to order a recall election. *Pearson v Macomb Co Election Comm*, 199 Mich App 170, 172;

---

[3] The House Legislative Analysis Section was analyzing HB 5381, the precursor to the statute regarding the clarity of petitions.

500 NW2d 746 (1993). The Rogers City School District holds yearly elections for its school board members; thus, two school board elections have intervened since February 1994. A recall election must pertain to the conduct of an official that occurred after the official began the current term of office. *Bonkowski v Macomb Co Election Comm*, 185 Mich App 288, 291; 460 NW2d 308 (1990). The vote referenced in the recall petitions occurred before plaintiffs' current term of office.

This is not the first occasion where several years have passed between a circuit court's review of recall petitions and this Court's opportunity to review the circuit court's decision on the validity of the petitions. We consider the questions presented, however, because the issues involved are of public significance and are likely to recur in the future and yet evade judicial review. *In re Wayne Co Election Comm*, *supra* at 432. The court rules currently provide for expedited appellate review as follows: "The priority of cases on the session calendar is in accordance with the dates of the clerk's notice to the parties, *except that precedence shall be given to interlocutory criminal appeals and child custody cases.*" MCR 7.213(C). We urge the Supreme Court to amend MCR 7.213(C) to require the Court to accord calendar preference to all cases involving recall election matters including petitions. The recall of public officials is a matter of fundamental public importance that warrants expedited appellate review. Indeed, the underlying purpose of the provision for recall is "to provide the electorate with a *speedy*, effective process to remove an unsatisfactory public official." *In re Wayne Co Election Comm, supra* at 437.

Patchkowski next asserts that the circuit court erred in granting summary disposition for plaintiffs under the Open Meetings Act. We disagree. As a public body, the school board must comply with the Open Meetings Act. MCL 15.261(3); MSA 4.1800(11)(3), MCL 15.262(a); MSA 4.1800(12)(a). The Open Meetings Act permits public bodies to correct minutes from earlier meetings:

> Each public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting. Corrections in the minutes shall be made not later than the next meeting after the meeting to which the minutes refer. Corrected minutes shall be available no later than the next subsequent meeting after correction. The corrected minutes shall show both the original entry and the correction. [MCL 15.269(1); MSA 4.1800(19)(1).]

In her counterclaim, Patchkowski alleged that plaintiffs violated the Open Meetings Act by rescinding and expunging the February 14 vote. Patchkowski requested injunctive relief. The circuit court determined that Patchkowski was not entitled to such relief, in part because Patchkowski did not join the school board as a party.

The Open Meetings Act permits injunctive relief when a *public body* does not comply with the act: "If a public body is not complying with this act, the attorney general, prosecuting attorney of the county in which the public body serves, or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act." MCL 15.271(1); MSA 4.1800(21)(1). The language of the

statute regarding injunctive relief provides that the real party at interest is the public body; the statute does not refer to the individual members of that body. MCL 15.271; MSA 4.1800(21).

Patchkowski asked the court to overturn the action of the school board, a public body. It follows that the court could grant the requested relief only if the school board was a party to the action. The school board is therefore a necessary party. MCR 2.205(A). Because Patchkowski failed to include the school board as a party, the circuit court properly granted summary disposition for plaintiffs. Further, Patchkowski does not seek to overturn the actions of individual school board members. Rather, she seeks injunctive relief against the school board, which requires that the board be included as a party.

Patchkowski finally asserts that a material issue of fact exists regarding whether plaintiffs intended to violate the Open Meetings Act. Intent is an element of civil damages under the act. MCL 15.273; MSA 4.1800(23). Because Patchkowski did not request civil damages, and did not join an action for damages to this action for injunctive relief, her argument is irrelevant. MCL 15.273(3); MSA 4.1800(23)(3).

We dismiss in part and affirm in part.