# STATE OF MICHIGAN

# COURT OF APPEALS

---

ELIZABETH MARKEL, ANN MARIE ROGERS
and ROGER SCHMIDT,

        Plaintiffs-Appellees,

v

DAVID MACKLEY, COLLEEN BARKHAM,
ALICE TOMBOULIAN, and JOSEPH PERUZZI,

        Defendants-Appellants.

UNPUBLISHED
May 17, 2018

No. 338410
Oakland Circuit Court
LC No. 2014-139227-CZ

---

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

This case, involving a violation of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, is before us for a second time after a panel of this Court remanded the matter to the circuit court. Defendants David Mackley, Colleen Barkham, Alice Tomboulian, and Joseph Peruzzi now appeal by right the circuit court's opinion and order (on remand) that granted plaintiffs Elizabeth Markel, Anne Marie Rogers, and Roger Schmidt summary disposition pursuant to MCR 2.116(C)(9) and (10), declared that defendants violated the OMA, granted injunctive relief enjoining defendants from committing further violations of the OMA, and awarded attorney fees and costs to plaintiffs. For the reasons set forth in this opinion, we vacate the trial court's order and remand to the trial court for entry of an order dismissing this matter in its entirety.

## I. BACKGROUND

In our previous opinion, *Markel v Mackley*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2016 (Docket No. 327617), p 1 (*Markel I*), this Court summarized the factual background as follows:

> The issues presented in this case involve the activities of the Oakland Township Parks and Recreation Commission (PRC). The PRC is made of seven elected officials, each elected to a four-year term. In November 2012, plaintiffs Roger Schmidt and Ann Marie Rogers were newly elected as commissioners to the PRC.[1] They were joined by Andrew Zale, who was also elected for the first time in November 2012. Defendants, the remaining four members of the PRC, were all long-time commissioners. At the heart of this matter is a divide between defendants and the newer PRC members. Specifically at issue on appeal are

-1-

emails sent between defendants regarding certain PRC matters that plaintiffs allege violated the OMA. Essentially, plaintiffs alleged that defendants used email communications to discuss and decide how to address PRC matters, and would then carry out those decisions at the public PRC meetings as a united front.

---

[1] Plaintiff Elizabeth Markel is a resident of Oakland Township, and frequently attended public meetings of the PRC.

---

The trial court had granted summary disposition in favor of defendants, and plaintiffs appealed. *Id*.

On appeal, this Court held in *Markel I* that defendants had violated the OMA by holding private meetings via email that involved a quorum of the PRC and constituted deliberation on matters of public policy when such deliberations were required to be open to the public pursuant to the OMA. *Id*. at 7-8.[1] Accordingly, we reversed and remanded to the trial court. *Id*. at 7. Specifically, we stated our instructions for the trial court on remand as follows:

> [W]e reverse the trial court's decision and remand for the trial court to enter an order granting summary disposition in favor of plaintiffs, considering that plaintiffs seek only to have declaratory relief, an injunction on further violations of the OMA, and fees and costs. [*Id*.]

In the trial court on remand, defendants argued that plaintiffs were not entitled to an injunction or attorney fees and costs. Specifically, defendants first argued that under § 11 of the OMA, MCL 15.271, a litigant could only obtain an injunction, attorney fees, and costs against a public body and that plaintiffs were not entitled to an injunction in this case because plaintiffs had only sued defendants as individuals and had not included the public body (i.e., the PRC) as a defendant. Defendants next argued that plaintiffs were also not entitled to attorney fees and costs because attorney fees and costs may only be awarded under § 11 of the OMA when a litigant actually obtains injunctive relief against a public body. Defendants further argued that plaintiffs were thus prohibited from obtaining attorney fees and costs because they had not sued a public body and were not entitled to injunctive relief.

Plaintiffs argued that this Court in *Markel I* equated defendants with the PRC and that pursuant to this Court's decision in *Markel I*, the trial court should (1) declare that the PRC violated the OMA, (2) grant injunctive relief pursuant to MCL 15.271(4) to compel the PRC's

---

[1] This Court additionally concluded in *Markel I* that two other chains of email communications that plaintiffs had alleged constituted violations of the OMA were not actually violations of the OMA and that the trial court's grant of summary disposition in favor of defendants was proper with respect to these specific communications. *Markel I*, unpub op at 7, 8-9. However, these particular communications and this Court's decisions with respect to these communications are not at issue in the instant appeal.

compliance with the OMA and enjoin any further non-compliance, and (3) award actual attorney fees and court costs.

The trial court subsequently issued a written opinion and order denying defendants' motion for summary disposition and granting plaintiffs' cross-motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). With respect to plaintiffs' relief, the trial court (1) declared that "the named defendants violated the Open Meetings Act," (2) granted "injunctive relief against the named individual defendants and enjoin[ed] them from committing further violations of the OMA by holding meetings via email whereby they reach a consensus with a quorum present and without notice to the public," and (3) awarded attorney fees and costs against the individual defendants in the total amount of $48,376.11. In reaching these rulings, the trial court first concluded that pursuant to *Meyers v Patchkowski*, 216 Mich App 513; 549 NW2d 602 (1996), it could not order injunctive relief against the PRC because plaintiffs failed to name the PRC as a party. The trial court further concluded that it could not order the PRC to be liable for attorney fees and costs because plaintiffs had not obtained injunctive relief against the PRC. Next, the trial court concluded that defendants' argument—that there were not ongoing violations of the OMA to justify granting an injunction—amounted to a collateral attack on this Court's decision in *Markel I*. The trial court concluded that it had been clearly directed by this Court to enter an order granting summary disposition, declaratory relief, injunctive relief, and attorney fees and costs in favor of plaintiffs.

Defendants now appeal.

## II. STANDARD OF REVIEW

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). "A trial court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo." *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Zoran v Twp of Cottrellville*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 334886) (quotation marks and citation omitted); slip op at 3.

We review a trial court's ruling on a summary disposition motion de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "When deciding a motion under MCR 2.116(C)(9), which tests the sufficiency of a defendant's pleadings, the trial court must accept as true all well-pleaded allegations and properly grants summary disposition where a defendant fails to plead a valid defense to a claim." *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002). "A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 474-475; 776 NW2d 398 (2009). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. at 475 (quotation marks and citation omitted).

This Court reviews a trial court's decision whether to grant or deny injunctive relief under the OMA for an abuse of discretion. *Citizens for a Better Algonac Community Sch v*

-3-

*Algonac Community Sch*, 317 Mich App 171, 177; 894 NW2d 645 (2016). We also "review a trial court's determination of the reasonableness of requested attorney fees for an abuse of discretion." *Zoran*, ___ Mich App at ___ (quotation marks and citation omitted); slip op at 3. "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Id*. (quotation marks and citation omitted). Questions of law are reviewed de novo. *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 623; 821 NW2d 896 (2012).

## III. ANALYSIS

As an initial matter, it is apparent that our instructions to the trial court on remand, as set forth in our previous opinion in *Markel I*, were unclear. The trial court understood our instructions to constitute an order that the trial court grant declaratory relief, injunctive relief, and attorney fees and costs to plaintiffs. However, the question whether plaintiff was entitled to such relief was never analyzed or decided in our *Markel I* opinion. We merely decided that violations of the OMA had occurred. Thus, it is evident that, although we could have articulated our remand instructions more clearly, we nonetheless intended only to instruct the trial court that plaintiffs were entitled to summary disposition on the narrow issue whether the OMA had been violated and that the trial court should then proceed to consider the relief requested by plaintiffs—declaratory relief, injunctive relief, and attorney fees and costs—to determine whether plaintiffs were actually entitled to any of the requested relief. "Merely because a violation of the OMA has occurred does not automatically mean that an injunction must issue restraining the public body from using the violative procedure in the future." *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 533; 609 NW2d 574 (2000), overruled in part on other grounds by *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 132-133, 133 n 14, 143 & n 52; 860 NW2d 51 (2014).

We now turn to analyzing whether plaintiffs were entitled to the relief granted by the trial court. Section 11 of the OMA provides in pertinent part as follows:

> (1) If a public body is not complying with this act, the attorney general, prosecuting attorney of the county in which the public body serves, or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act.
>
> * * *
>
> (4) If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. [MCL 15.271.]

This Court has explained that "[t]he Open Meetings Act permits injunctive relief when a *public body* does not comply with the act." *Meyers*, 216 Mich App at 520, citing MCL 15.271(1). "The language of the statute regarding injunctive relief provides that the real party at

interest is the public body; the statute does not refer to the individual members of that body." *Id*. at 520-521, citing MCL 15.271(1).

In this case, plaintiffs only named individual members of the PRC as defendants in this lawsuit. Plaintiffs did not name the PRC, which was the public body, as a defendant. Because MCL 15.271(1) only allows for injunctive relief against a *public body* and plaintiffs failed to include the public body as a defendant, plaintiffs were not entitled to injunctive relief. MCL 15.271(1); *Meyers*, 216 Mich App at 520-521. The statute does not allow for injunctive relief against individual members of the public body. *Meyers*, 216 Mich App at 520-521.

Nonetheless, plaintiffs argue that this is a unique case involving an internal struggle within the public body between commissioners who are plaintiffs and commissioners who are defendants, and plaintiffs further argue that we should essentially treat defendants as the de facto public body. However, plaintiffs cite no legal authority to justify such a course of action. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Because plaintiffs have failed to properly address this argument, we consider the issue abandoned. *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

Moreover, we note that even if it were permissible to issue an injunction against the individual defendants in this case, doing so would be a fruitless endeavor because none of the named defendants in this case are currently serving on the PRC.[2] "Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury." *Nicholas*, 239 Mich App at 533-534. "Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted." *Id*. at 534. In this case, because defendants are no longer members of the PRC, there is no reason to believe that violations of the OMA will continue to occur through defendants' acts of conducting private meetings by email and there is no real or imminent danger of irreparable injury. Furthermore, our Supreme Court has explained that the injunctive relief discussed in MCL 15.271(4) "contemplates an ongoing violation, precisely the circumstances in which injunctive relief is appropriate." *Speicher*, 497 Mich at 138.[3] In this case, with defendants no longer serving on the PRC, there is no indication

---

[2] The PRC website contains a list of the current members of the PRC. None of the named defendants in this case appear on this list. Charter Township of Oakland, *Oakland Township Parks and Recreation Commission Members*. <http://www.oaklandtownship.org/boards_and_commissions/parks_and_recreation/parks_and_re creation_commission_members.php> (accessed April 19, 2018). This was confirmed at oral argument.

[3] We note that although the *Speicher* Court was specifically discussing Subsection (4), the *Speicher* Court was also specifically referring to the statutory language, "[i]f a public body is not

of ongoing violations of the OMA. *Id*. Therefore, injunctive relief would not be warranted in this case even if it were permissible. *Id*.; *Nicholas*, 239 Mich App at 533-534.

Next, we address plaintiffs' request for declaratory relief. This Court recently held that "the OMA does not provide for a cause of action seeking declaratory relief." *Citizens For A Better Algonac Community Sch*, 317 Mich App at 185. In this case, the relief requested in plaintiffs' first amended complaint was predicated solely on the OMA, and plaintiff has not claimed any other legal basis to justify declaratory relief in the instant case. Therefore, plaintiffs were not entitled to declaratory relief in this case because such relief is unavailable under the OMA. *Id*.

Finally, we address the award of attorney fees and costs. In *Speicher*, 497 Mich at 144, our Supreme Court held that "a person cannot recover court costs and actual attorney fees under MCL 15.271(4) unless he or she succeeds in obtaining injunctive relief in the action." In this case, as previously stated, plaintiffs were not entitled to injunctive relief. Therefore, plaintiffs also were not entitled to recover attorney fees and costs. *Id*.

Accordingly, we vacate the trial court's order and remand to the trial court for entry of an order dismissing this matter with prejudice.

Vacated and remanded for entry of an order of dismissal. We do not retain jurisdiction. Neither party may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen

---

complying with this act," and this same language also appears in Subsection (1) involving the circumstances under which an individual may initiate an action against a public body to seek an injunction. See MCL 15.271(1) and (4); *Speicher*, 497 Mich at 138.