# Court of Appeals, State of Michigan

## ORDER

Governor Gretchen Whitmer v Board of State Canvassers

Docket No.    354474; 354475; 354582; 354583; 354794; 354795; 354878

LC No.    00-000000

Kathleen Jansen
Presiding Judge

Amy Ronayne Krause

Michael F. Gadola
Judges

The May 27, 2021 concurring opinion is hereby VACATED, and a new opinion is attached. The new opinion corrects a clerical error in the second and third sentences of the Conclusion.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 28, 2021
Date

Chief Clerk

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

GOVERNOR GRETCHEN WHITMER,

        Appellant,

v

BOARD OF STATE CANVASSERS and JAMES
MAKOWSKI,

        Appellees.

FOR PUBLICATION
May 28, 2021

No. 354474
Board of State Canvassers
LC No. 00-000000

---

GOVERNOR GRETCHEN WHITMER,

        Appellant,

v

BOARD OF STATE CANVASSERS and BRENDA
LACHAPPELLE,

        Appellees.

No. 354475
Board of State Canvassers
LC No. 00-000000

---

LIEUTENANT GOVERNOR GARLIN
GILCHRIST II,

        Appellant,

v

BOARD OF STATE CANVASSERS and CHAD
BAASE,

        Appellees.

No. 354582
Board of State Canvassers
LC No. 00-000000

-1-

GOVERNOR GRETCHEN WHITMER,

     Appellant,

v

BOARD OF STATE CANVASSERS and CHAD
BAASE,

     Appellees.

No.  354583
Board of State Canvassers
LC No.  00-000000

---

GOVERNOR GRETCHEN WHITMER,

     Appellant,

v

BOARD OF STATE CANVASSERS and JAMES
MAKOWSKI,

     Appellees.

No.  354794
Board of State Canvassers
LC No.  00-000000

---

GOVERNOR GRETCHEN WHITMER,

     Appellant,

v

BOARD OF STATE CANVASSERS and
MICHAEL GARABELLI,

     Appellees.

No.  354795
Board of State Canvassers
LC No.  00-000000

---

GOVERNOR GRETCHEN WHITMER,

     Appellant,

v

BOARD OF STATE CANVASSERS and JOHN
PARKINSON,

     Appellees.

No.  354878
Board of State Canvassers
LC No.  00-000000

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I concur in the result reached by the majority, and for the most part, I also concur with the majority's reasoning. I write separately because, with respect to my esteemed colleagues, I believe that *Hooker v Moore*, 326 Mich App 552; 928 NW2d 287 (2018), was wrongly decided in part. Were I not constrained by MCR 7.215(J)(1) to follow *Hooker*, I would disagree with the manner in which the majority addresses the petition in Docket No. 354795. I would declare a conflict with *Hooker* pursuant to MCR 7.215(J)(2). Nonetheless, even if I were free not to follow *Hooker*, I would independently arrive at the same outcome, because I do not find the quotation from the Governor's press conference untruthful within the meaning of my reading of MCL 168.951a. Furthermore, I would also continue to agree with the majority as to the petition in Docket No. 354475, because I would not consider an obvious scrivener's error to be the kind of inaccuracy that should invalidate a petition.

## I. LEGAL BACKGROUND

As the majority thoroughly and thoughtfully outlines, Const 1963, art 2, § 8 reserves to the electors whether any stated basis for a recall is a *sufficient* basis. Our Supreme Court held, in an early case, that the purpose of stating the reason or reasons for a recall was to "furnish information to the electors on which they may form a judgment when called upon to vote." *Newberg v Donnelly*, 235 Mich 531, 534; 209 NW 572 (1926). Our Supreme Court further explained that although the statement needed to be "sufficiently clear," it did not need "technical proof." *Eaton v Baker*, 334 Mich 521, 525; 55 NW2d 77 (1952). Our Supreme Court later explained that its past decisions had erroneously created other restrictions that did not comport with the language of the Constitution or any extant statute, but it reaffirmed that the purpose of the statement in a recall petition "was to have the issue over the conduct of the officer informatively presented to both prospective petition signers and recall voters" pursuant to the importance placed upon "the proper functioning of an intelligent and informed electorate." *Wallace v Tripp*, 358 Mich 668, 676-677, 680; 101 NW2d 312 (1960).

This Court's jurisprudence, however, did not seem to entirely follow that mandate. It was generally understood that recall petitions needed to be stated with a reasonable degree of clarity when read as a whole, and they did not obligate laypersons drafting such petitions to provide extensive detail. See *Schmidt v Genesee Co Clerk*, 127 Mich App 694, 699-700; 339 NW2d 526 (1983). However, this Court emphasized that the clarity of a petition did not turn on its truthfulness, and the courts were only to review a petition's clarity. See *Mastin v Oakland Co Elections Comm*, 128 Mich App 789, 793-794; 341 NW2d 797 (1983); *Meyers v Patchkowski*, 216 Mich App 513, 517-518; 549 NW2d 602 (1996).

My concern with the above analysis from this Court is that "sufficiency" and "accuracy" are wholly different concepts. According to *Merriam-Webster's Collegiate Dictionary* (11th ed), "sufficiency" refers to adequacy or being "enough to meet the needs of a situation or proposed end." Similarly, *Black's Law Dictionary* (8th ed) also defines "sufficiency" as pertaining to

-3-

adequacy or being "of such quality, number, force, or value as is necessary for a given purpose." Neither definition pertains to whether something is true or false. It appears to me that prohibiting consideration of whether a statement in a petition is demonstrably untrue conflicts with the plain language of Const 1963, art 2, § 8, and it also conflicts with our Supreme Court's emphasis on the electors being *informed*. It also appears to conflict with an earlier opinion from this Court opining that the clarity requirement in recall petitions was, in part, to ensure "deliberate and informed action" and "afford[] the official sought to be recalled at least some minimal due process guarantees." *Noel v Oakland Co Clerk*, 92 Mich App 181, 187-188; 284 NW2d 761 (1979).

Nevertheless, the preceding cases predate the enactment of MCL 168.951a, pursuant to 2012 PA 417, and they form an important backdrop for understanding 2012 PA 417. As the majority explains, the enactment of MCL 168.951a expressly imposed a new requirement: the stated reasons for a recall must not only be clear, but also "factual." Likewise, the statements must now be reviewed to ensure that they are both "factual" and "of sufficient clarity." I respectfully disagree with the majority as to what a review for "factualness" entails.

## II. DISAGREEMENT WITH *HOOKER*

This Court's obligation when considering the meaning of a statute is to give effect to the intent of the legislature by applying the plain and ordinary meaning of the words and language used. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). As this Court observed in *Hooker*, and I agree, "[i]n ordinary usage, the word 'factual' can mean 'restricted to or based on fact,' while the word 'fact' can be understood to mean 'an actual occurrence' and 'a piece of information presented as having objective reality[.]' " *Id*. at 559, quoting *Merriam-Webster's Collegiate Dictionary* (11th ed) (alteration by the *Hooker* Court). The *Hooker* Court then determined that "the plainest construction" of MCL 168.951a was that "factual" and "factually" referred to setting forth grounds in a recall petition "stated in terms of a factual occurrence." *Id*. The *Hooker* Court explained that this meant "stated in the form of a factual assertion about the official's conduct," and it did not require the petition to be truthful. In other words, the *Hooker* Court concluded that "factual" only pertains to the superficial manner in which a recall petition is phrased and has nothing to do with its substance. *Id*. at 559-560. I respectfully conclude that this was incorrect.

Nowhere in the statute did the Legislature use any phrasing like "stated as a fact" or "presented in a factual manner." Rather, the statute is concerned with whether a statement "is factual," and the statute once uses the word "factualness." The plainest reading of the face of the statute is not that a statement must look like it describes a fact, but rather that the statement must actually be *true*.

I am mindful that we should not look outside the unambiguous language of a statute, and "courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski*, 465 Mich at 683. Similarly, courts should not consider whether an unambiguous statute is wise or fair. See *People v McIntire*, 461 Mich 147, 159; 599 NW2d 102 (1999). The Courts should construe statutes "to prevent absurd results, injustice, or prejudice to the public interest," *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999), but not if doing so would depart from the plain language of the statute. *McIntire*, 461 Mich at 155-159, 155 n 8. Nevertheless, I observe that the unambiguous language as I read it is supported both

-4-

by historical context and by considering what different interpretations of MCL 168.951a would actually achieve.

Much of this Court's jurisprudence emphasizes that "clarity" has nothing to do with "truth." Nevertheless, our Supreme Court emphasized that the goal is to ensure that electors are *informed*. The Constitution unambiguously reserves to the electors only the determination of whether a stated reason is, essentially, "good enough." Thus, the plain language of the Constitution does not exclusively reserve to the electors the determination of whether a stated reason is founded in reality. There is obvious tension between ensuring that the electors can make an informed decision while allowing petitions to lie with impunity. By analogy, juries are generally the sole deciders of fact in trials, are expected to work from their own memories of the evidence, and are instructed that statements by attorneys are not evidence—but even so, attorneys may not lie or misrepresent the evidence during closing arguments. Elected officials might be uncomfortable with the prospect of recall petitions freely advancing lies.

Furthermore, little would be achieved by merely requiring recall petition statements to be formatted in a particular way. It is difficult to understand how a "clear" statement of the reason or reasons why an elected official should be recalled would not almost necessarily be phrased as a factual assertion in any event. The outward, superficial manner in which a statement is phrased may well be entertaining, but would not seem to result in any meaningfully different analysis from what was in place before 2012 PA 417. In general, we should presume that the Legislature intended its words to have a purpose. *Pohutski*, 46 Mich at 683-684. Furthermore, the law favors consideration of substance, irrespective of how that substance is presented. *Hartford v Holmes*, 3 Mich 460, 463 (1855); *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958); *John Deere Co v Wonderland Realty Corp*, 38 Mich App 88, 91; 195 NW2d 871 (1972). The imposition of a new inquiry into the truth or falsity of a statement, however, would leave intact this Court's precedent regarding how to analyze clarity, and it would further the goal of ensuring that the electorate is informed.

I would find that the *Hooker* Court's interpretation of MCL 168.951a violates the plain language of the statute. However, assuming the language of the statute is in any way ambiguous, the *Hooker* Court's interpretation also contravenes the spirit of Const 1963, art 2, § 8, undermines our Supreme Court's historical analysis of the purposes to be served by recall statements, and renders the Legislature's enactment almost entirely nugatory. Clearly, it has always been understood that doubts should be resolved in favor of the drafters of a petition. Nevertheless, I would conclude that MCL 168.951a now expands the review of petitions to at least inquire into whether any part of the petition is demonstrably false. Under the Constitution, the stated reason for a recall may be arbitrary.[1] However, the stated reason must be sufficiently clear to be comprehended, and it must not be a work of fiction or imagination. I am bound to follow *Hooker* pursuant to MCR 7.215(J)(1), but I would declare a conflict pursuant to MCR 7.215(J)(2).

---

[1] As stated in the majority opinion, "the sufficiency of any statement of reasons or grounds procedurally required shall be a political rather than a judicial question." Const 1963, art 2, § 8.

-5-

### III. ALTERNATIVE ANALYSIS

For the most part, my disagreement with *Hooker* does not affect the petitions at issue before this Court. However, the majority expressly declines to consider whether the recall petition in Docket No. 354795[2] faithfully quoted what the Governor actually said at her April 13, 2020, press conference. I do not agree with the majority's supposition that "the petition is very likely a more accurate representation of what the Governor actually said" than is the official transcript. Nevertheless, I concur with the majority's ultimate conclusion.

In relevant part, the petition quotes the press conference as follows:

I hope that as people are looking at social media they are dispelling and taking on the dissemination of demonstrably inaccurate information. I also would just say, I think it is this group is funded in a large part by the DeVos family and I think it's really inappropriate for a sitting member of the United States President's cabinet to be waging political attacks on any governor, but obviously on me here at home.

The official transcript of the press conference presents slightly different phrasing:

I hope that as people are looking at social media, they are dispelling and taking on the dissemination of demonstrably inaccurate information. I also would just say I think this group is funded in large part by the DeVos family. I think it's really inappropriate to, for a sitting number of the United States President's Cabinet, to be waging political tax on any governor. Obviously, I'm me here at home.

Rather than engaging in speculation, I have reviewed the press conference itself, and it appears that what the Governor actually said is:

I hope that as people are looking at social media they are, um, dispelling, you know, the, and and [sic] taking on the dissemination of demonstrably inaccurate information. Ah, I also would just say, I think it is, um, this group is funded in large part by the DeVos Family, and I think it's really inappropriate to, for a sitting member of the United States President's Cabinet to be waging political attacks on, on any governor, but obviously on me here at home.

As discussed, I construe MCL 168.951a as imposing a mandate to ensure that statements in recall petitions are not untruthful. However, as also discussed, review of such statements is deferential and eschews hypertechnicality. Finally, once again, the law favors consideration of substance over obsession with superficial or trivial details.

---

[2] I find it unclear whether the majority considers the truthfulness of the petition in Docket No. 354475, notwithstanding *Hooker*. In any event, however, I agree with the majority's substantive analysis as to that petition. Under what I consider a proper reading of MCL 168.951a, obvious scrivener's errors would not render a statement "false," and the proper response is to permit correction of any such scrivener's errors.

Ultimately, it appears the majority guessed correctly: both the official transcript and the statement in the petition take some insignificant liberties with the Governor's actual words, but the petition is certainly no less accurate than the transcript. More importantly, the statement in the petition is certainly grounded in objective reality, and none of its technical inaccuracies amount to a substantive misrepresentation of the Governor's actual words.

## IV. CONCLUSION

In summary, I would hold that the Legislature, in enacting MCL 168.951a, imposed a new requirement that statements in recall petitions must not be substantively untruthful, which is consistent with the Constitutional reservation of the *sufficiency* of a recall petition to the electors and the historical goal of ensuring that the electors are able to make intelligent and informed decisions. I would hold that *Hooker* was wrongly decided insofar as it held that MCL 168.951a imposed a requirement that recall petition statements must be phrased in a certain way. I conclude that under MCL 168.951a it is necessary to consider whether the petition in Docket No. 354795 was untruthful. However, I would also hold that the inquiry is not a hunt for technicalities. Therefore, upon comparing the petition, the official transcript of the Governor's April 13, 2020, press conference, and the Governor's actually-spoken words, I am unable to find the petition untruthful. I therefore concur in affirming.

/s/ Amy Ronayne Krause